Gwendolyn DAVIS et al.,
Plaintiffs–Appellants,

v.

CITY OF ABBEVILLE et al.,
Defendants–Appellees.

No. 80–3557
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 8, 1981.

Henry C. Remm, Jr., Lafayette, La., for plaintiffs–appellants.

Gordon P. Sandoz, II, Abbeville, La., for defendants–appellees.

Before BROWN, POLITZ and TATE, Circuit Judges.

TATE, Circuit Judge:

This is an appeal by the plaintiffs, Davis and Brailey, of an attorney's fees award in their favor as the prevailing parties under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. After obtaining a consent decree in a § 1983 civil rights action against the defendant, the City of Abbeville, the plaintiffs sought an attorney's fees award under § 1988. Following hearing on the motion, the district court awarded the plaintiffs the amount of $1,000 in attorney's fees, approximately half that requested. On appeal, the plaintiffs claim that the award is inadequate and should be vacated because of the district court's failure to address the criteria set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), in making the award. We affirm the district court award, finding no abuse of discretion.

*Context Facts*

The plaintiffs, Davis and Brailey, brought this civil rights action under 42 U.S.C. § 1983, suing on behalf of themselves and others similarly situated, for injunctive relief prohibiting the city of Abbeville from terminating their utility service absent adequate due process procedures under the Fourteenth Amendment. Immediately thereafter negotiations were held between the plaintiffs and the city, which resulted in continued utility service to the named plaintiffs and the sending of a letter, at city expense, to each non–commercial customer whose service had been terminated but had not yet been reconnected. The letter provided the location, time and procedure by which representatives of the city would consider reinstating former utility service pending the resolution of any disputes over utility bills and their payment. A status conference was also held between the parties, which culminated in the entering of a consent decree according to which the city agreed to afford its utility customers a pre–termination notice and opportunity for hearing. A final judgment was entered by the court below approximately six months after the institution of the proceedings, according to a joint application of the parties based upon their stipulation for a settlement.

The plaintiffs subsequently brought a motion for an award of costs and attorney's

fees pursuant to 42 U.S.C. § 1988. This motion was accompanied by supporting affidavits reflecting the going hourly rate for attorney's fees in civil rights litigation in the area, a daily record of the plaintiffs' attorney's hours spent in processing this suit and activities performed, a request for a fee award of $2,402.50 at a rate of $50 per hour, and a memorandum in support of the plaintiffs' motion for attorney's fees. Following a hearing, the district court ordered that the plaintiffs be awarded attorney's fees in the sum of $1,000, with each of the parties to bear their own costs. The plaintiffs then moved, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, for an order altering or amending the order granting their attorney's fees and denying their costs in the action. This motion, too, was accompanied by supporting affidavits and memoranda. After hearing on the motion, the district court ordered that the defendant, the city of Abbeville, be cast for all court costs, but refused to allow an increase in the attorney's fees award. The plaintiffs now appeal the district court's original order granting attorney's fees in the amount of $1,000 as altered and amended by the court's second order, casting the defendants with court costs.

The plaintiffs, appealing the attorney's fees awards as inadequate, ask this court to reverse on the basis that the district court failed to articulate the effect that the *Johnson* criteria had on its attorney's fees award determination.

*Appellate Review of the District Court Award:* Johnson–*Factor Articulation*

█ In determining the reasonableness of an attorney's fee award, we are limited to considering whether the district court abused its discretion. *Copper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575, 581 (5th Cir. 1980); *Norwood v. Harrison*, 581 F.2d 518, 520 (5th Cir. 1978); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). This determination rests upon a careful review of the basis upon which the district court made its award, including its consideration of each criteria set forth in *Johnson, supra,* at 417–419.

On numerous occasions, panels within this circuit have required that the district court articulate how the *Johnson* factors affected its attorney's fee award, and have remanded the case for such an explication to facilitate appellate review. See *Van Ooteghem v. Gray*, 628 F.2d 488 (5th Cir. 1980); *Copper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575 (5th Cir. 1980); *King v. McCord*, 621 F.2d 205 (5th Cir. 1980); *Knighton v. Watkins*, 616 F.2d 795 (5th Cir. 1980); *Gay v. Board of Trustees of San Jacinto College*, 608 F.2d 127 (5th Cir. 1979); *Davis v. Fletcher*, 598 F.2d 469 (5th Cir. 1979); *Sweeney v. Vindale Corp.*, 574 F.2d 1296 (5th Cir. 1978); *Fain v. Caddo Parish Police Jury*, 564 F.2d 707 (5th Cir. 1977); *Matter of First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), *cert. denied* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977); *Miller v. Mackey Intern'l Inc.*, 515 F.2d 241 (5th Cir. 1975); *Mims v. Wilson*, 514 F.2d 106 (5th Cir. 1975); *Baxter v. Savannah Sugar Refining Corp.*, 495 F.2d 437 (5th Cir. 1974), *cert. denied* 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974). But *see E.E. O.C. v. Strasburger, Price, Kelton, Martin and Unis*, 626 F.2d 1272 (5th Cir. 1980); *Wolf v. Frank*, 555 F.2d 1213 (5th Cir. 1977).

*No Necessity for Remand*

█ We ultimately determine that, despite the absence of *Johnson* articulation, we should not remand for such articulation in the present case under the present circumstances.

For one thing, it is apparent from the limited record before us as designated by the appellant that indeed the district court did have before it the plaintiff's persuasive memoranda as to the application of the *Johnson* factors on both the original hearing on the motion for attorney's fees and again on the hearing on the motion to amend such order. We are unable to hold on the record before us that the district court failed or refused to consider the *Johnson* factors in making its award.

Unfortunately neither the colloquy nor the court's rulings at the hearings on these

motions were recorded.[1] The mere failure to take steps to assure preservation for appellate review of the district court's reasons for its rulings by itself should not, in the absence of obvious abuse of discretion, require the expense and delay of a remand that is unlikely to change the eventual result. Cf. *Wolf v. Frank,* supra, 555 F.2d at 1217. By a remand, the district court would once more state reasons for a ruling that more probably than not would not be disturbed on review; however, both parties would be burdened by additional costs and attorney's fees in the resolution of the issue that are disproportionate to the relatively small additional amount of attorney's fees in dispute in these proceedings ancillary to the principal terminated litigation. In so concluding, we take into consideration that, even conceding that the plaintiffs may not have been at fault in failing to assure preservation of the reasons for the court's ruling, they nevertheless did not attempt to take such steps as were available for them to assure a more adequate appellate record with regard to the issue before us.[2]

■ An important consideration in our determination that no remand is required, under these circumstances, is that the record does not indicate that the award of attorney's fees, although on the low side, represents any palpable abuse of discretion. That is, we think it unlikely that the district court's award would have been disturbed on review if the record had contained an articulation by the district court of its reasons for the attorney's fee award in the light of the *Johnson* factors, and after taking into consideration the facts relied upon by the opposing parties and set forth in the extensive memoranda furnished to the trial court (and found in the appellate record).[3]

One of our concerns in avoiding a time–consuming remand, which would require additional attorney time on behalf of the parties to litigate and appeal this ancillary issue (that will in all probability be decided the same), is that the requested vacation of the attorney's fee award and remand for *Johnson* findings will unnecessarily divert the legal resource personnel of the legal service corporation, to the detriment of other individuals who rely on that body for vindication of their legal rights.

*Conclusion*

Based upon our finding that the record as made up does not sufficiently raise an issue of palpable abuse of the district court's discretion in fixing the attorney's fees, and considering that the appellants themselves

1. As the plaintiffs state in their Reply Brief at page 1, inexplicably, neither the oral arguments nor the court rulings from the hearing on the motions made by the plaintiffs were recorded. This is unfortunate in light of the defendant's assertion, contested by the plaintiffs, that the district judge in open court clearly articulated his reasoning and the factors which influenced his award determination.

2. See Fed.R.App.P., Rule 10(c): "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal."

3. The plaintiffs complain that a usual rate for a private attorney in civil rights cases is $50 per hour, see *Knighton v. Watkins, supra,* 616 F.2d at 800, and forcefully argue that a public law agency should be compensated no less for the diversion of its manpower into the civil rights litigation in question. On the other hand, the issues in this litigation were not unusually complex and the defendant city was cooperative and facilitated a relatively prompt termination of the litigation through a consent decree favorable to the plaintiffs' contentions; likewise, however minor a factor, the plaintiffs' attorneys were salaried employees of a federally–funded legal service corporation, with any attorneys' fees payable to the litigation fund of the corporation rather than to the attorneys themselves. In total context, the district court's apparent considerations in fixing the fee did not reflect so parsimonious an attitude as to erode the statutory purpose "to assure competent representation for those who engage counsel to safeguard their civil rights," *Knighton, supra,* 616 F.2d at 800.

are at least partly responsible for any inadequacy of the record, we AFFIRM the award of attorney's fees.