Millard BEAMON, et al., Plaintiffs,

v.

The CITY OF RIDGELAND, MISSISSIPPI, et al., Defendants.

Joan ANDERSON, et al., Plaintiffs,

and

United States of America, Plaintiff-Intervenor,

v.

The MADISON COUNTY SCHOOL DISTRICT, et al., Defendants.

Civ. A. Nos. J84–0094(L), J–3700(L).

United States District Court, S.D. Mississippi, Jackson Division.

June 9, 1987.

---

Fred L. Banks, Jr., Banks & Nichols, Jackson, Miss., Elliott Andalman, Andalman, Adelman & Steiner, Hattiesburg, Miss., Isaac K. Byrd, Jr., James W. Craig, Owens & Byrd, Jackson, Miss., for plaintiffs.

John W. Christopher, Christopher & Stater, C.R. Montgomery, Jerry R. Wallace, Ray, Spivey & Cain, Goza & Case, Joe R. Fancher, Jr., Canton, Miss., Frederick S. Mittelman, Jerris Leonard, Asst. Atty. Gen., Civil Rights Div., Dept. of Justice, Angela G. Schmidt, Civil Rights Div., Educational Opportunities Litigation Sec.,

Dept. of Justice, Washington, D.C., for defendants.

Ed Davis Noble, Jr., Asst. Atty. Gen., George Phillips, U.S. Atty., Jackson, Miss., for plaintiff-intervenor.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiffs, Millard Beamon, et al., and Joan Anderson, et al., for an award of attorney's fees and expenses pursuant to the provisions of section 14 of the Voting Rights Act of 1965, 42 U.S.C. § 1973*l*(e), and of the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988. The court has reviewed the motion, memoranda and affidavits in determining the appropriate award of fees and expenses.

The consolidated civil actions originated with the filing of a joint motion by the Ridgeland Municipal Separate School District (RMSSD) and the Madison County School District (School District) in *Anderson v. Madison County School District,* Cause No. J-3700(L), requesting approval of the creation of the RMSSD, and by a complaint filed in *Beamon v. City of Ridgeland,* Cause No. J84–0094(L), pursuant to the Voting Rights Act of 1965, 42 U.S.C. § 1973 *et seq.,* seeking to enjoin the creation and operation of the RMSSD on the ground that it had adversely affected the ability of black qualified electors of Madison County to effectively participate in the electoral process as it affected their public schools. Plaintiffs originally obtained a permanent injunction enjoining the RMSSD from operation until such time as it obtained preclearance on the voting procedures associated with its creation. Although the injunction was dissolved upon defendants' obtaining section 5 preclearance, the *Beamon* plaintiffs continued to seek an injunction against the operation of RMSSD. In *Anderson,* plaintiffs opposed the joint motion of RMSSD and the School District for permission to operate RMSSD, and sought to enjoin its operation.

The two cases were consolidated for trial on June 3, 1986, and trial was scheduled for July 28, 1986. Immediately prior to trial, the School District withdrew its support for creation of the RMSSD, and on July 29, 1986, the cause was settled. A consent order was subsequently entered which, in effect, withdrew the joint motion for approval of the RMSSD.

■ In the court's opinion, the result sought by plaintiffs in *Anderson* and *Beamon* was fully achieved in the consent order. Thus, as prevailing parties, plaintiffs are entitled to recover reasonable attorney's fees for services performed, as well as their reasonable and necessary litigation expenses. *See Gates v. Collier,* 636 F.2d 942 (5th Cir.1981). The court's function at this juncture is to determine an appropriate fee for each of plaintiffs' counsel.

Initially, lead counsel for plaintiffs was Fred Banks, who represented the plaintiff class in *Anderson* beginning in 1969 and who was retained by the named plaintiffs in *Beamon* when suit was filed in 1983. Banks withdrew from the cases in February 1985 after his appointment as Circuit Judge for the Seventh Circuit Court District of Mississippi. Jere Krakoff of the Lawyers' Committee for Civil Rights Under Law (Lawyers' Committee) was associated by Banks to assist him in the cases. Krakoff worked on the cases until October 1985 at which time the Lawyers' Committee Jackson office was closed and Krakoff moved to Pennsylvania. He was replaced by Samuel Issacharoff of the Lawyers' Committee Washington, D.C. Office.

In March 1986, Elliott Andalman became lead counsel, at the request of Banks, and was assisted by James W. Craig and Issacharoff. The contribution of each of these attorneys, including attorneys employed by the Lawyers' Committee, a public interest organization, must be taken into consideration in determining the fee to be awarded. *See Reynolds v. Coomey,* 567 F.2d 1166 (1st Cir.1978).

The court, in arriving at an appropriate fee, is guided by the twelve criteria established by the Fifth Circuit in *Johnson v.*

*Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974). These are:

(1) The time and labor required;

(2) The novelty and difficulty of the question;

(3) The skill requisite to perform the legal service properly;

(4) The preclusion of other employment by the attorney due to the acceptance of the case;

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) Time limitations imposed by the client or the circumstances;

(8) The amount involved and the results obtained;

(9) The experience, reputation and ability of the attorneys;

(10) The "undesirability" of the case;

(11) The nature and length of the professional relationship with the client; and

(12) Awards in similar cases.

The court must first ascertain the nature and extent of the services supplied by each attorney. *Sims v. Jefferson Downs Racing Ass'n,* 778 F.2d 1068, 1084 (5th Cir. 1983). To that end, the court is required to review the attorneys' time records and affidavits, with an eye toward disallowing those hours which are excessive, unnecessary, duplicative or insufficiently documented. *See id.* The Fifth Circuit has cautioned that, in a case such as this, where more than one attorney is involved, "the possibility of duplication of effort along with the proper utilization of time should be scrutinized." *Johnson,* 488 F.2d at 717; *see also Abrams v. Baylor College of Medicine,* 805 F.2d 528, 535 (5th Cir. 1986). Additionally, the court should consider whether the work performed was legal work in the strict sense, or merely clerical work which a lawyer happened to perform. *Johnson,* 488 F.2d at 717. Finally, in a case such as this, where there has been substitution of counsel in mid-stream,

it is inevitable that a certain amount of time expended by both withdrawing counsel and substituted counsel will represent a duplication of effort for which the defendants should not be held accountable. *See Grogg v. General Motors Corp.,* 612 F.Supp. 1375 (D.C.N.Y.1985). With this in mind, the court turns to the time submissions of each of plaintiffs' counsel.

■ Attorney Elliott Andalman seeks compensation for a total of 209 hours for pre-settlement work and an additional 46.5 hours for work performed post-settlement, including time expended in preparation of this attorney's fees motion. Of the pre-settlement time requested, 39.2 hours represents time spent travelling from Hattiesburg to Jackson or Canton for conferences with counsel, court hearings and depositions. The court finds that compensation for this travel time should be granted, but at a rate reduced to fifty percent of the reasonable hourly rate for attorney Andalman, to be determined *infra. Society for Goodwill to Retarded Children, Inc. v. Cuomo,* 574 F.Supp. 994, 998–99 (E.D.N.Y. 1983) (time spent in transit beneficial yet not as productive as time in office or court).[1]

■ Defendants object to 9.2 hours claimed by Andalman on the basis that it represents clerical and non-legal work. The entries to which defendants object include preparation and organization of documents and organization of the file and of a trial notebook. The court notes that attorney's fees for purely clerical work, which is easily delegable to a non-professional, or administrative work of a non-legal nature should be granted, but at a reduced hourly rate. *See Rybicki v. State Board of Elections,* 584 F.Supp. 849, 861 (D.C.Ill.1984). However, the court finds that this work, which was obviously intended to familiarize Andalman with the file in preparation for trial, could not have been performed effectively by a clerk or parale-

---

1. Andalman himself has acknowledged that compensation for travel time may be awarded at fifty percent of the normal rate.

gal. Consequently, these hours are compensable and not subject to reduction.

■ Inherent in the fact that plaintiffs' counsel changed at various times throughout these proceedings is a certain amount of wasted effort by withdrawing counsel, along with time expended by substituted counsel in an effort to become familiar with the case, or learn what withdrawing counsel already knew. *See Roe v. City of Chicago*, 586 F.Supp. 513 (N.D.Ill.1984). Defendants cannot reasonably be required to pay for such self-inflicted expenditure of effort by plaintiffs' counsel. Thus, fees claimed by Elliott Andalman, as substituted counsel, for time spent becoming familiar with the case should be disallowed. *See Grogg*, 612 F.Supp. at 1375. The court finds that 16.9 hours, representing ten percent of the time claimed by Andalman prior to settlement, excluding the travel time, should be disallowed as time spent by Andalman in becoming familiar with the case.[2] The court concludes that the time records submitted by Andalman do not reveal any unnecessary duplication of effort other than that just described.[3] In sum, 199.4 hours claimed by Andalman are fully compensable, including pre-settlement and post-settlement time, while 39.2 hours, representing the travel time, are compensable at fifty percent of the regular hourly rate.

Attorney James W. Craig has submitted time records which total 84.4 hours for which attorney's fees are sought. The court finds that the time records do not reveal any hours which are excessive in terms of the nature of the activity in which the attorney states he was involved. However, the court is of the opinion that ten percent of the time requested, 8.4 hours, should be disallowed as time spent by Craig becoming familiar with the case.[4] Consequently, a total of 76 hours sought by Craig is compensable.

The court has reviewed the time submissions by attorney Jere Krakoff and concludes that the time claimed, 70.8 hours, should be reduced by the following amounts. The court first disallows ten percent of the hours claimed, 7.1 hours, as unnecessarily expended due to the subsequent substitution of Krakoff by Issacharoff.[5] Additionally, 2 hours are disallowed as a duplication of effort with attorney Fred Banks for work on the amended complaint. Thus, Krakoff is entitled to compensation for a total of 61.7 hours.

■ With reference to attorney Fred Banks, who has submitted time records totalling 147.30 hours, the court finds that 102 hours were reasonably expended, and hence compensable. The court has reduced by one-half the total number of hours claimed by Banks for numerous conferences with clients, as in the court's opinion the time expended for such was excessive.[6]

---

**2.** It is impossible to ascertain from the time sheets alone a specific number of hours which are clearly attributable to the substitution of counsel, other than time claimed for preparation of an order of substitution and entry of appearance, and review of the file. However, as a practical matter, time which is wasted by virtue of a substitution is not necessarily reflected directly by the attorney's time sheets. Accordingly, the court finds that under the circumstances, the reasonable approach to dealing with the question of duplication of effort as a result of the withdrawal of and substitution of attorneys is a reduction of ten percent of each attorney's time requests, which represents, in the court's opinion, the minimum amount of time wasted in this manner.

**3.** Although both Andalman and Craig were present for numerous depositions conducted by plaintiffs and both request compensation for their time in these depositions, which is objected to by defendants, the court finds that under the circumstances, the presence of two counsel at these depositions was not unreasonable due to the close proximity to trial, the importance of the depositions, and the fact that three defense counsel were present at each of the depositions in question.

**4.** This reduction of hours includes time spent reviewing the file, numerous conferences with Fred Banks and Isaac Byrd, and time spent drafting motions for extension of time to respond to discovery. *See supra* note 1.

**5.** *See supra* note 1.

**6.** Banks' time sheets contain numerous entries for client conferences long before consolidation of *Anderson* and *Beamon* from which the court is able to discern at least 26.3 hours devoted to such conferences, half of which amounts to 13.2 hours. During the time period which encompasses these entries, the case was relatively inactive and, in fact, proceedings were stayed for a portion of that time.

Moreover, the court has deducted 2.5 hours spent by Banks in connection with defendants' section 5 preclearance submission to the Department of Justice. *See Arriola v. T.L. Harville,* 781 F.2d 506 (5th Cir.1986). The court has further reduced, by 14 hours, the time claimed by Banks for researching, drafting and revising the complaint for injunction filed on February 8, 1984, along with the memorandum in support thereof.[7] The court further deducts 1 hour for time expended on August 7 and 8, 1984 for research and review of the amended complaint as unnecessarily duplicative of work performed by Jere Krakoff. Finally, the court reduces by ten percent the total number of hours claimed by Banks on the basis that at least this amount of time was unnecessarily expended due to subsequent withdrawal by Banks as counsel for plaintiffs.[8]

■ Defendants urge the court to deny *in toto* the request for fees and expenses of Samuel Issacharoff on the ground that he was not authorized to participate in or to represent the parties involved in this lawsuit. Contrary to defendants' assertions, Issacharoff was introduced to the court and was active in the preparation of the case and fully participated in the final trial preparation. Since the case never went to trial, it was unnecessary that he be admitted to practice before this court. Consequently, the reasonable hours expended by Issacharoff are compensable. The court has reviewed his time records and finds that 63 of the 70 hours claimed are reasonable in light of Issacharoff's contribution to the ultimate resolution of the case. Due to the inevitable duplication of effort, Issacharoff's hours are reduced ten percent.[9] Further, 2.2 hours, which are described as "photocopy/check sites on brief," are to be compensated at the rate of a paralegal as this is clearly non-legal work

which could have been delegated to a non-professional. Thus, 60.8 hours claimed by Issacharoff are fully compensable, whereas 2.2 hours are to be compensated at a reduced hourly rate.

■ Having now determined the number of total hours which are compensable for each of plaintiffs' counsel, the next step is to set a reasonable hourly rate. In applying the *Johnson* factors, the Fifth Circuit has directed district courts to pay "special heed" to the customary fee and the quality of the legal work performed, giving due consideration to the experience, reputation and ability of counsel, and the nature and extent of the services supplied, including the time and labor involved, the amount involved and the results obtained. *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1092 (5th Cir.1982). The remaining *Johnson* factors are to be considered in light of their relevance to the particular case.

(1) *The time and labor required.* The court has previously reviewed the time records submitted by each of the attorneys involved and determined the reasonable number of compensable hours for each attorney.

(2) *The novelty and difficulty of the questions.* While this case was somewhat unusual in its combination of both school desegregation and voting rights issues, both areas of the law are well settled. Thus, this case merely involved overlapping facts in two not unfamiliar areas of the law.

(3) *The skill requisite to perform the legal services properly.* All plaintiffs' counsel demonstrated both adequate preparation and genuine ability to perform the legal services required. The court recognizes that the overlapping nature of the issues required the skill of experienced and

---

7. Banks' time entries for the performance of this task total 29 hours. The entries do not indicate the nature of the research performed, nor what memorandum was drafted and revised. However, it appears that the memorandum referred to was one in support of the motion for injunction, and that the research concerned the same motion. The court finds

that the total number of hours claimed for researching, drafting and revising this memorandum is excessive and does not represent an efficient utilization of time.

8. *See supra* note 1.

9. *See supra* note 1.

capable counsel, and these attorneys proved themselves competent.

(4) *The preclusion of other employment by the attorney due to his acceptance of the case.* Clearly the employment of Krakoff, Issacharoff and Craig did not preclude any of them from accepting other employment, although each may have experienced some scheduling difficulties. Similarly, Banks' involvement in the case spanned a period of years, and only on isolated occasions was he required to concentrate on this litigation, thus leaving him free to accept other employment. Andalman, on the other hand, became involved in the litigation at a late date and was required to concentrate his efforts over a period of several months. Consequently, he necessarily incurred, although perhaps indirectly, some loss of business due to his willingness to proceed with this case.

(5) *The customary fee.* Both sides have submitted affidavits regarding the customary fee in similar litigation in the Southern District of Mississippi. According to affidavits submitted by plaintiffs, a reasonable hourly rate for experienced attorneys ranges from $90 to $125 per hour for non-contingent fee cases. Plaintiffs' affiants assert that $100 per hour is a reasonable fee in this particular case. In contrast, defendants' affiants state that the reasonable range of fees for an experienced attorney in this type of litigation is from $60 to $85 per hour. Based on the affidavits and the court's familiarity with the hourly rates charged by attorneys in this area, the court finds that an hourly rate ranging from $60 to $100 represents the customary rate of compensation, with the specific hourly rate dependent on the individual attorney's experience and expertise.

(6) *Whether the fee is fixed or contingent.* As attorneys in private practice, Andalman and Banks took this case knowing they would receive no compensation from their clients, and relying only on the possibility of prevailing at trial as the source of compensation for the services rendered. Issacharoff, in his affidavit, stated that he was unable to find attorneys in Washington, D.C. willing to accept this non-fee paying case until Andalman agreed to do so. Craig also accepted the case without expectation of a fee unless his clients prevailed. Issacharoff and Krakoff, as employees of a private civil rights foundation, will not personally receive any fee awarded by this court; instead, any fee awarded them will go directly into the budget of the Lawyers' Committee.

(7) *Time limitations imposed by the client or the circumstances.* Attorneys Banks and Krakoff became involved in the litigation at an early date and under the circumstances, were not subject to any pressing time restraints. Likewise, Issacharoff became involved comparatively early in the litigation. Andalman and Craig, however, were substituted as counsel no more than five months prior to the scheduled date for trial, and were required to devote an intense effort over a short period of time.

(8) *The amount involved and the results obtained.* Plaintiffs in this case sought and succeeded in obtaining the dismantling of a newly created school district. Thus, the results sought were obtained.

(9) *The experience, reputation and ability of the attorneys.* Both lead counsel in this case, Andalman and Banks, have more than ten years' experience practicing in the Southern District of Mississippi, and both have prior experience in civil rights litigation with particular emphasis on school desegregation. Krakoff and Issacharoff likewise have experience in civil rights litigation, though Issacharoff's is of shorter duration and Krakoff·has less specialization in this area. Craig's experience is limited both in terms of duration and specialization. Having observed plaintiffs' counsel in action, the court notes that their ability was commensurate with their experience. All counsel, the court finds, were well qualified to handle the issues presented by this case. Andalman, in addition to the strictly legal services he provided, as lead counsel prior to trial, was required to delegate functions and coordinate work to be performed by other counsel. His efficiency and ability in this regard were exemplary.

(10) *The undesirability of the case.* Defendants contend that this case was, in fact, desirable for plaintiffs' counsel in terms of their professional reputations; however, the court notes that school desegregation remains a controversial issue and activity in such cases can reasonably be expected to affect adversely an attorney's clientele for general civil litigation.

(11) *The nature and length of the professional relationship with the client.* There has been no evidence in this case that any of the attorneys involved would have varied their fees in light of any past professional relationship with the plaintiffs in *Beamon* or *Anderson.* Moreover, except with reference to attorney Banks, there is no indication whatsoever that the relationship with the clients was of a continuing nature. Thus, the court finds that

this factor is not a relevant consideration in this case.

(12) *Awards in similar cases.* The court notes that the awards in this circuit have ranged from less than $50 per hour, *see Davis v. City of Abbeville,* 633 F.2d 1161, 1163 (5th Cir.1981), to $100 per hour, *see Neely v. City of Grenada,* 624 F.2d 547, 551 (5th Cir.1980).

In light of the foregoing, the court finds that the following represents a reasonable hourly rate for each of the attorneys involved on behalf of plaintiffs:

| | |
|---|---|
| Andalman | $100 per hour |
| Banks | $90 per hour |
| Krakoff | $85 per hour |
| Issacharoff | $80 per hour |
| Craig | $65 per hour |

Thus, the lodestar figure for each attorney is computed as follows:

| Attorney | Compensable Hours | Hourly Rate | Total |
|---|---|---|---|
| Andalman | 199.4 | $100.00 | $19,940.00 |
| | 39.2 (travel time) | 50.00 | 1,960.00 |
| Craig | 76.0 | 65.00 | 4,940.00 |
| Banks | 102.0 | 90.00 | 9,180.00 |
| Krakoff | 61.7 | 85.00 | 5,244.50 |
| Issacharoff | 60.8 | 80.00 | 4,864.00 |
| | 2.2 | 35.00 | 77.00 |
| | | | $46,205.50 |

This total, $46,205.50, representing the number of compensable hours times the selected hourly rates, is the "lodestar" figure. Plaintiffs seek an enhancement of the lodestar amount by fifty percent, asserting that an enhancement is appropriate in a case such as this where there is exceptional success or where there are unusual risks to the attorney because the case is taken on a contingency basis. *See Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983); *Blum v. Stevenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). In the present case, the court has, in arriving at the reasonable hourly rate for each of the attorneys, taken into account their acceptance of a non-fee paying contingency case. Moreover, the Fifth Circuit has recently stated that the quality of representation is

generally to be accounted for in the hourly rate and that quality representation does not, of itself, warrant an upward adjustment of fees. *See Abrams v. Baylor College of Medicine,* 805 F.2d 528 (5th Cir. 1986). In *Abrams,* the Fifth Circuit admonished district courts to be

> mindful of the fact that counsel will normally be fully compensated for an award of the established hourly billing rate for all hours reasonably expended in a successful litigation. An upward adjustment is to be reserved for the rare case in which counsel attains truly exceptional results. It should not be awarded as a matter of course.

*Id.* Although this case was unusual in its facts and the representation provided was competent, these considerations, in and of

themselves, do not merit an enhancement of the lodestar. Plaintiffs simply achieved what they set out to achieve and the job was well done. In the court's opinion, no enhancement should be granted.

■ In addition to the foregoing, plaintiffs seek recovery of fees for the services of Kristin Bauer, a summer associate with the Lawyers' Committee, who prepared materials and researched issues in the case. Bauer's time amounts to 15.8 hours and an hourly rate of $35 per hour is requested. Further, a summer intern working for Elliott Andalman, Mark Marquardt, obtained and delivered documents and assisted in organizing documents. Fees are requested for Marquardt for a total of 54.5 hours at $15 per hour. The court is of the opinion that the delegation of these duties to Bauer and Marquardt represented an efficient utilization of time, that such time was reasonably expended and that, therefore, the fees for work performed by Kristin Bauer, $553.00, and by Mark Marquardt, $817.50, should be granted.

■ Reimbursement is sought by plaintiffs for various out-of-pocket expenses including charges for photocopying, long distance telephone calls, postage, deposition expenses, mileage, parking expenses, special secretarial expenses, document certification, expert witness fees and travel expenses. An award for out-of-pocket expenses incurred by counsel for the prevailing parties is "limited to those expenses which [the] attorney would normally, customarily, and routinely bill a fee-paying client." *Loewen v. Turnipseed*, 505 F.Supp. 512, 517 (N.D.Miss.1980). Of the out-of-pocket expenses requested, the following are awarded:

Mileage

| | | |
|---|---|---|
| Andalman | $ 312.00 | |
| Marquardt | 150.18 | |
| Banks | 28.60 | |
| Craig | 61.60 | |
| | | $ 552.38 |

Photocopy

| | | |
|---|---|---|
| Andalman | $ 32.40 | |
| Issacharoff | 13.30 | |
| Banks | 14.40 | |
| | | $ 60.10 |

Postage

| | | |
|---|---|---|
| Issacharoff | $ 1.88 | $ 1.88 |

Long Distance Charges

| | | |
|---|---|---|
| Andalman | $ 392.07 | |
| Issacharoff | 80.41 | |
| | | $ 472.48 |

Deposition Costs

| | | |
|---|---|---|
| Issacharoff | $1610.75 | |
| Craig | 1318.25 | |
| | | $2929.00 |

Map Reproduction

| | | |
|---|---|---|
| Issacharoff | $ 88.42 | $ 88.42 |

Document Certif.

| | | |
|---|---|---|
| Andalman | $ 21.00 | $ 21.00 |

Process Server

| | | |
|---|---|---|
| Craig | $ 121.40 | $ 121.40 |

Parking Fees

| | | |
|---|---|---|
| Andalman | $ 17.10 | $ 17.10 |

A request by Andalman for $156.69 for "special weekend secretarial expenses" is disallowed. There has been no showing that these expenses were reasonably or necessarily incurred. In a similar vein, a payment of $9.75 to Federal Express by Issacharoff is not shown to have been reasonably necessary. Issacharoff has requested reimbursement in the amount of $2228 for expert witness fees for Jerry Himmelstein. These fees are not recoverable for the reasons articulated by the Fifth Circuit in *International Woodworkers v. Champion International*, 790 F.2d 1174 (5th Cir.1986), *cert. granted*, —— U.S. ——, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).

Finally, plaintiffs seek reimbursement in the amount of $1943.64 for "travel" expenses. The court has carefully reviewed the documentation, including various receipts, which are intended to support this expense, but is unable to determine specifically what expenses are included in this amount. A travel expense voucher has been submitted by Kristin Bauer for travel to and lodging in Jackson, Mississippi from July 26, 1986 through August 1, 1986, including transportation of $158.00, lodging of $266.25 and meals in the amount of $27.47. Further, there is a statement in the amount of $343.02 from the Raddison Walthall Hotel in Jackson, Mississippi for lodging and expenses of "S. Issacharoff"

from July 27, 1986 through July 31, 1986, which is charged in the name of "Barry J. Fisher-Lawyers Comm. Civil." Additionally, there is a statement from the Raddison Walthall Hotel in the amount of $797.62 in the name of "S. Issacharoff" for accomodations for two persons from July 28, 1986 through July 30, 1986, along with an expense of $427.00 claimed by Samuel Issacharoff for transportation. Finally, there are miscellaneous expenses claimed by Issacharoff for newspapers, sodas, food, snacks, coffee, etc., a charge of $33.50 for "coffee and drinks with counsel and staff," $24.61 for "dinner S. Issacharoff and Kristin Bauer" and an expense of $101.05 for "dinner with attorneys and staff."

The court is of the opinion that the transportation and subsistence charges for Kristin Bauer should be disallowed in their entirety. The limited nature of her involvement did not require her attendance at what was to be the trial of this cause, or her attendance at what was to be the trial of this cause, or her attendance at any settlement negotiations, which were apparently conducted from July 26 through July 31.

A supplemental affidavit submitted by Elliott Andalman indicates that a portion of the "travel" expense claimed is for meals and lodging of Andalman himself and Mark Marquardt, his student assistant, at the scheduled trial of this cause in Jackson, Mississippi from July 27, 1986 through July 30, 1986. As with Bauer, any charges of this nature for Mark Marquardt are unjustified. Where one's only involvement in the case was obtaining, delivering and organizing documents, his presence at trial is unnecessary and defendants cannot be expected to pay for such an extravagance. In contrast, Andalman's presence for trial was necessary, and as a consequence, the lodging and subsistence charges attributable to Andalman may properly be allowed. The court is unable to discern, however, from the hotel's statement of account, which charges are properly attributable to Andalman.

Similarly, the court is of the opinion that travel, lodging and subsistence for Issacharoff should be granted, but only in an amount which is attributable to him. The court specifically declines to award reimbursement for the coffee and drinks with counsel and staff, dinner with Kristin Bauer and dinner with attorneys and staff, and further finds that the unsubstantiated charges for newspapers, sodas, food, snacks and coffee should be disallowed as frivolous. The court directs both attorneys Andalman and Issacharoff to submit, within five days of entry of this order, documentation, together with an explanation of the travel expenses and motel expenses claimed.

 Having now determined the fees and expenses which plaintiffs are entitled to recover, it becomes the duty of this court to equitably apportion liability for the award of fees and expenses among the defendants. Plaintiffs and defendant RMSSD acknowledge that the Education Finance Commission of the State of Mississippi and the School District agreed to be bound by whatever was the outcome of this litigation and did not actively litigate this matter; however, the court notes that the Madison County School District joined the RMSSD in its joint motion for approval of the creation and operation of the new school district, and not until the week preceding trial did the School District withdraw its support of the motion. The court finds that defendants RMSSD and the School District should share equally in the responsibility for payment of these attorneys' fees and expenses.

Accordingly, it is ordered that plaintiffs recover from RMSSD and the Madison County School District attorney's fees in the amount of $46,205.50, together with interest thereon at the rate of 5.63 percent dating from September 10, 1986, the date of the consent order, the rate of interest having been calculated in accordance with 28 U.S.C. § 1961 (Supp.1987). *See Gates v. Collier,* 616 F.2d 1268, 1278–79 (5th Cir. 1980). Plaintiffs will further recover their out-of-pocket expenses in the amount of $4263.76 together with travel and subsistence expenses for Andalman and Issacharoff in an amount to be determined by this

court upon plaintiffs' submission of proper supporting documentation.