IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20947
Summary Calendar

_____

GARY BAILEY, by next friend Elizabeth
Bailey; CAREN BAILEY, Individually, by
next friend Elizabeth Bailey,

                                        Plaintiffs-Appellants,

versus

CROSBY INDEPENDENT SCHOOL DISTRICT, Board
of Trustees; LOIS SCHMIDT, Individually; CROSBY
INDEPENDENT SCHOOL DISTRICT,

                                        Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1198

_____
June 21, 2001

Before POLITZ, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Plaintiffs, Gary and Caren Bailey, individually and on behalf of their

daughter, Elizabeth Bailey, appeal the district court's award of attorneys' fees to

defendants under Fed. R. Civ. P. 54(d)(2) and 42 U.S.C. § 1988.  Plaintiffs contend

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that there was no independent statutory basis for the award of attorneys' fees under Rule 54(d); the district court failed to find that their claims were frivolous; the award is contrary to public policy; the court did not consider their financial condition; and the trial court failed to consider the factors outlined in <u>Johnson v. Georgia Highway Express, Inc.</u>[1] before determining the amount of the award.

A trial court's decision to award attorney's fees, and its determination as to the reasonableness of such fees, are reviewed for abuse of discretion.[2]

Plaintiffs' contentions that there was no independent statutory basis for the award of attorneys' fees under Rule 54(d) and that the award was contrary to the public policy of encouraging vigorous prosecution of civil rights violations are reviewed for plain error.[3] We need not and do not address the merits of the first assignment of error as the district court based the award on Rule 54(d) and 42 U.S.C. § 1988. Title 42 U.S.C. § 1988 grants to district courts the discretionary authority to award reasonable attorneys' fees to prevailing parties in civil rights actions.[4] The second of these assignments also lacks persuasive merit. Although plaintiffs' statement of public policy has force, there is also a manifest public policy

---

[1]488 F.2d 714, 717-19 (5th Cir. 1974).

[2]<u>Taylor v. Sterrett</u>, 640 F.2d 663 (5th Cir. 1981); <u>Davis v. City of Abbeville</u>, 633 F.2d 1161 (5th Cir. Unit A Jan. 1981).

[3]<u>Forbush v. J.C. Penney Co.</u>, 98 F.3d 817 (5th Cir. 1996).

[4]42 U.S.C. § 1988.

of protecting defendants from burdensome litigation having no legal or factual foundation.[5]

We find no abuse of discretion in the district court's award of attorneys' fees. The frivolity of plaintiffs' claims is evident from the record[6].

Plaintiffs' remaining contentions were not preserved for appeal, namely that the district court failed to consider their financial condition;[7] that it did not conduct a proper Johnson analysis before determining the reasonableness of the award;[8] and that it failed to apportion the award among the various claims.[9]

The district court's award of attorneys' fees to defendants is AFFIRMED.

---

[5]Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978).

[6]Vaughner v. Pulito, 804 F.2d 873 (5th Cir. 1986); White v. South Park Indep. Sch. Dist., 693 F.2d 1163 (5th Cir. 1982).

[7]Alizadeh v. Safeway Stores, Inc., 910 F.2d 234 (5th Cir. 1990).

[8]Blum v. Stenson, 465 U.S. 886 (1984) and Transamerica Ins. Co. v. Avenell, 66 F.3d 715 (5th Cir. 1995).

[9]United States v. Wallace, 143 F.3d 955 (5th Cir. 1998).