**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 20, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-50723
Summary Calendar

———————————————

MICHAEL CHEN,

Plaintiff-Counter Defendant-
Appellant,

versus

APPLIED MATERIALS, INC.,

Defendant-Counter Claimant-
Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-602
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Applied Materials, Inc. (Applied) hired Michael Chen as a Software Engineer on August 28, 2000. Very shortly thereafter, Applied discovered problems with his performance, ultimately leading to his departure on April 29, 2001. Chen participated in Applied's Voluntary Separation Plan (VSP), pursuant to which he signed a general release of claims. In exchange for $33,000

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

severance pay, Chen gave up his right to any and all claims, known and unknown, under Title VII of the Civil Rights Act of 1964. In the face of his explicit and unequivocal release of claims, Chen nonetheless filed a complaint with the Equal Employment Opportunity Commission and eventually this lawsuit alleging discrimination based on race and national origin.[1]

Chen appeals the district court's denial of his motion for summary judgment, its grant of summary judgment to Applied, and its award of attorney's fees and costs to Applied. He also makes a myriad of unsubstantiated and meritless claims with respect to the judge of the district court.

Even if Applied's answer was untimely filed, the district court did not abuse its discretion in denying Chen's motion for summary judgment based on default.[2] *Cf. In re Dierscheke*, 975 F.2d 181, 183 (5th Cir. 1992).

Chen argues that Applied was not entitled to summary judgment because (1) he signed the release under duress, (2) he did not receive consideration for the release, (3) the release is void, and (4) his claims are not covered by the release. First, Chen's allegation that he felt he had to sign the release in order to have a chance at continued employment is insufficient to establish duress. The release stated in plain language that he

---

[1] Chen also asserts that he was discriminated against based on age, but he did not include this claim in his complaint.

[2] Applied disputes whether its answer was untimely filed, but this question is irrelevant to resolution of the case.

was releasing all claims as a condition of his severance payment, that he had 45 days to review the release, and that he was advised to consult an attorney before signing it.  *See Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir. 1994). Second, Chen's claim that the money he received was wages, rather than consideration for the release, is not supported by the record.  The Earnings Statement accompanying the check listed the money as "VSP Pay," and Chen has submitted no affidavit or other competent summary judgment evidence that it was intended as normal wages.  Third, Chen signed and returned the release within the 45-day limitation, so it is not void.  The time spent by Applied in its inter-office mail delivery is not relevant to Chen's date of delivery.  Fourth, Chen's claim of discrimination in Applied's refusal to rehire him is based on false promises he contends were made to him to induce him to sign the release. This claim is based on a promise allegedly made before the release and is therefore prohibited by it.  The district court properly granted summary judgment to Applied based on the release.

Applied was entitled to attorney's fees and costs based on the release.  Applied's entitlement to the fees and costs comes from the contractual provision in the release requiring Chen to pay all attorney's fees and costs of any suit he brings against Applied in violation of the release.  Thus Chen's arguments based on the standards to be used in awarding attorney's fees in civil

rights lawsuits are inapposite. The district court did not abuse its discretion in determining the proper amount of the fees. *See Davis v. City of Abbeville*, 633 F.2d 1161, 1163 (5th Cir. 1981).

Chen claims for the first time on appeal that the district court should have recused himself. Requests for recusal not raised until appeal are waived. *See Andrade v. Chojnacki,* 338 F.3d 448, 454 (5th Cir. 2003). Chen's allegations of bias have no support, and he has not shown plain error.

AFFIRMED.