Jerry VON CLARK, Plaintiff–Appellant,

v.

James Bruce BUTLER, et al., Defendants–Appellees.

No. 90–4070

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 1, 1990.

Rehearing Denied Nov. 27, 1990.

**256**

Patrick J. Gilpin, T.E. Swate, Hardy, Milutin & Johns, Houston, Tex., for plaintiff-appellant.

Richard C. Hile, Tonahill, Hile, Leister & Jacobellis, Jasper, Tex., for Hardin County and Butler.

Before GEE, SMITH, and WIENER, Circuit Judges.

WIENER, Circuit Judge:

Plaintiff-Appellant, Jerry Von Clark (Clark), prevailed in a civil rights suit against Defendant–Appellee, Jerry Bruce Butler (Butler), and was awarded attorney's fees pursuant to 42 U.S.C. § 1988. Clark appeals the amount of attorney's fees awarded him as prevailing party, claiming that the district court erred in determining the hourly rate and the number of hours for which Clark was entitled to be compensated. Finding that the district court did not commit clear error or abuse its discretion, we affirm the award.

### I.

Clark brought a civil rights action against Butler, Hardin County, Texas (the County) and Neches Wildlife Association (the Club) pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights under the fourth, fifth and fourteenth amendments. Clark also brought pendant state claims for false imprison-

ment, intentional infliction of emotional distress and mental anguish. The Club was dismissed from the case shortly before trial.

A jury found that Butler had unlawfully arrested Clark and had used excessive force in making the arrest. It awarded Clark $2,500 actual damages and $2,500 punitive damages. The jury found that the County did not have a de facto policy or custom of encouraging its officers to make unlawful arrests or to use excessive force.

Clark then filed an application for attorneys' fees as a prevailing party in a civil rights case pursuant to 42 U.S.C. § 1988. After an evidentiary hearing, the court awarded Clark attorney's fees of $12,500. Clark filed a timely notice of appeal claiming that (1) the court abused its discretion by limiting the total fees awarded to $12,500, (2) the court erred in finding that Clark was entitled to be compensated for only 100 hours for trial preparation and 12.5 hours for trial time instead of the 210 hours sought, and (3) the court erred in finding that Clark was entitled to recover only $100 per hour as a reasonable hourly rate.

## II.

Clark sought to recover $72,117.50 in attorney's fees.[1] To support his request, Clark submitted a memorandum of law, transcripts of the attorney's timesheets showing the daily time spent by each attorney, affidavits from his attorney, Patrick Gilpin, and from David Lopez, a civil rights attorney from Houston, as well as the testimony of Ernest Sample, a civil rights attorney in the "area." Both outside attorneys testified as experts that the fee requested by Gilpin and his associates was reasonable, in terms of both the hours expended and the hourly rate requested. They also stated that an enhancement of the award would be reasonable. Both experts also testified that their opinions were based on

Gilpin's transcripts of time slips, not on the experts' direct examination of the attorneys' original time slips, and that Gilpin had advised them that the time transcripts did not include time spent on Clark's claim against the Club or the County.

Butler objected to Clark's application for attorneys' fees because (1) it included time expended on claims asserted against the County upon which Clark did not prevail, (2) the number of hours claimed by the attorneys was excessive and unreasonable, and (3) the hourly rate requested was excessive and unreasonable. In support of Butler's objection to Clark's fee application, Butler's attorney, Richard Hile, testified it was clear that at least 57.5 hours claimed by Gilpin were expended on Clark's unsuccessful claims against the County; that the time records as submitted made it impossible to tell the amount of time expended on issues involving Butler alone; that the time spent by attorney Swate investigating Clark's medical condition was unnecessary because it was unrelated to the arrest or the use of excessive force; and that the hourly rate for attorneys handling similar claims ranges from $85 to $150. Hile further testified that, as counsel for the defense, he was paid $125 per hour for pretrial work and $150 per hour for trial work.

After an evidentiary hearing, the district court found that (1) Clark's attorneys did not maintain their billing records in a manner that allowed the reviewing court to identify with reasonable certainty the time spent on claims against Butler versus time spent on claims against the County; (2) the hours claimed were excessive and unnecessary, and included time spent on claims asserted against the County; (3) the hourly rate was excessive in light of the amount the plaintiff recovered and in light of the other factors set forth by this court in *Johnson v. Georgia Highway Express*;[2] and, (4) enhancement was unwarranted because the risk of nonpayment was relatively low and the issues were neither novel

---

1. For the work of his lead counsel, Patrick Gilpin, Clark sought $67,405 for 259.25 hours at $200 per hour with a 30% enhancement. Clark also sought fees of $4,087.50 for 27.25 hours of work by co-counsel T.E. Swate at $150 per hour,

and $625 for 5 hours of work by co-counsel Stephen Blythe at $125 per hour.

2. 488 F.2d 714 (5th Cir.1974).

nor complex. The district court, therefore, awarded Clark's attorneys $100.00 per hour for 100 pretrial hours and $200.00 per hour for 12.5 hours in trial, for a total award of $12,500.00. The district court declined to enhance the fee.

### III.

A party must be a prevailing party in a civil rights suit to recover attorney fees under 42 U.S.C. § 1988. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1938, 76 L.Ed.2d 40 (1983). In the instant case, Clark prevailed only on his claims against Butler and not on his claims against the Club or the County. So, Clark is entitled to fees only for those hours reasonably expended pursuing his claim against Butler. When a plaintiff fails to prevail on a claim that is separate and distinct from his successful claims, the hours expended on the unsuccessful claim should be excluded from calculation of a reasonable fee. *Id.* Clark argues that the claims against the County and those against Butler were so interwoven, at least at trial, as to defy separation. As the district court found, however, Clark's claims against Butler and the County "do not involve a common core of facts nor are they based on related legal theories"; therefore, the claims against Butler are separable from the claims against the County.

### A. Standard of Review

We review the district court's award of attorney fees for abuse of discretion and its finding of fact supporting the award for clear error. *Leroy v. City of Houston*, 831 F.2d 576, 584 (1987) (*Leroy IV*), *modified on other grounds*, 906 F.2d 1068 (5th Cir. 1990).

The reasonableness of attorney fee awards under § 1988 involves consideration of the twelve factors set forth by this court

in *Johnson*.[3] The trial court should consider the twelve *Johnson* factors in light of the following framework: it should (1) ascertain the nature and extent of the services supplied by the attorney; (2) determine the value of the services according to the customary fee and the quality of the legal work; and, (3) adjust the compensation on the basis of the other *Johnson* factors that may be of significance in the petitioner's case. *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1092 (5th Cir.1982) (*Copper Liquor III*), *modified on other grounds*, 701 F.2d 542 (5th Cir. 1983) (en banc), *overruled on other grounds*, *International Woodworkers of America, AFL-CIO v. Champion Int'l Corp.*, 790 F.2d 1174, 1175 (5th Cir.1986). The product of the first two steps is the "lodestar." *Nisby v. Commissioners Court of Jefferson County*, 798 F.2d 134, 136 (5th Cir.1986). After calculating the lodestar amount, the district court must then apply the remaining *Johnson* factors to determine if the lodestar should be adjusted. *Id.* at 137. The district court must be careful not to "double count" a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments under part three of the "framework." *See Sims v. Jefferson Downs Racing Assn.*, 778 F.2d 1068, 1084 (5th Cir.1985). The district court however, should pay "special heed" to *Johnson* criteria numbers "(1) the time and labor involved, (5) the customary fee, (8) the amount involved and the results obtained, and (9) the experience, reputation and ability of counsel." *Copper Liquor III*, 684 F.2d at 1092. To avoid the risk of remand the district court should explain with a reasonable degree of specificity the findings and reasons upon which the award is based, including an indication of how each of the *Johnson* factors was applied. *Id.*

---

**3.** The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

## B.  Number of hours awarded

■  As fee applicant, Clark had the burden of proving the reasonableness of the number of hours expended on his prevailing claim.  *Leroy IV*, 831 F.2d at 586 (citing *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941).  This burden does not shift to the opposing party merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed.  *Id.*  Part of the applicant's ability to meet his burden includes maintaining billing time records in a manner that would enable the reviewing court to identify each distinct claim.[4]  *Id.* at 437, 103 S.Ct. at 1941; *see also Leroy IV*, 831 F.2d at 586.  In this respect, Clark failed to fully meet his burden of proof.

Clark's attorneys submitted only summaries of their timesheets.[5]  Clark claims that the summaries submitted were purged of all matters relating to the County and the Club so that the time submitted reflects only those hours spent pursuing Clark's claim against Butler.  Such an unsupported statement, however, is inadequate to meet applicant's burden of proof.

The district court found, and we agree, that from the summaries submitted there is no way to distinguish the hours spent on the claims against Butler from those spent on the claims against the Club or the County.  No notations, except for the title on the time sheet, indicate the subject matter of the work.  Instead, the summaries are at best scanty and lacking in explanatory detail.[6]  With the exception of Clark's unsupported statement, no proof whatsoever exists that the timesheets submitted by Clark accurately reflect the time spent only on the claim against Butler.[7]  When the documentation of hours is inadequate for the court to identify those hours spent on prevailing claims which are separate and distinct from other claims, the district court may reduce the award accordingly.  *Leroy IV*, 831 F.2d at 585–86 (citing *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939).

■  Absent a reliable record of the time expended on the prevailing claim, it is within the discretion of the district court to determine a reasonable number of hours that should have been expended in pursuing the claim on which the party prevailed.  In this case, the district court reviewed the record and found that the fee request hours were excessive and unreasonable,[8] and included time expended on claims asserted against the County.  Consequently, the court found that of the 291 hours requested, only 100 hours for preparation and 12.5 hours for trial accurately reflected the amount of time reasonably required to prepare and try Clark's case as it related to Butler.  Given the inadequacy of Clark's time records and the district court's own experience and observations of the proceedings, we cannot say that the district court clearly erred in finding that 112.5 total

---

4.  As the Supreme Court noted in *Hensley,* the Court does not expect counsel to record in "great detail" how each minute of time was expended, but *"at least counsel should identify the general subject matter of his time expenditures."  Hensley,* 461 U.S. at 437 n. 12, 103 S.Ct. at 1941 n. 12, 103 S.Ct. at 1941 n. 12. (emphasis original)

5.  The records submitted are labeled "time sheets," but it is clear from our review that these records are not the complete, contemporaneous time records kept by each attorney, but are at best merely abstracts.

6.  For example, the record submitted stated simply "telephone call," or "trial preparation," or "travel to Beaumont to attend deposition" without any identification whatsoever of the subject matter.

7.  Both experts who testified for Clark were given the same timesheet summaries at issue here, and based their conclusions on the premise that the record of time given them had been purged of all references to the Club or the County.  Therefore, their testimony is suspect because it is clear from our review of the summaries submitted that it was impossible to separate the time spent on the claims against Butler from the time spent on claims against the other parties.

8.  For instance, the district court specifically found that the 25.75 hours requested by Attorney Swate were unreasonable because the time expended on depositions concerning Clark's medical condition was unnecessary in light of the fact that there was no relationship between the arrest and development of the condition in question.  The court further determined that Swate's presence at trial was not necessary.

hours reflects the time reasonably spent on the prevailing claim.

## C. Hourly rate awarded

■ Clark also contests the $100 per hour rate awarded for preparation by the district court. Clark argues that the lodestar rate must be between $150 to $200 per hour because that is the range that the experts testified was reasonable. But Butler's attorney, Hile, testified that the range of attorneys' hourly rates in the Beaumont area was between $85 to $150 for similar cases, and that his rate was $125 per hour. The district court heard Clark's experts and also heard Hile, and at least implicitly found Hile more credible. We cannot say he abused his discretion in doing so.

■ The district court found that the hourly rates sought by Clark's counsel were "clearly excessive" given the amount of damages recovered and Clark's relative success. We agree with Clark that the district court should avoid placing undue emphasis on the amount recovered. *See Williams v. Thomas,* 692 F.2d 1032 (5th Cir.1982). But that is not the case here. First, the district court implicitly determined that the degree of expertise needed in this case was relatively low because the issues in the case were neither novel nor complex. Second, Butler specifically provided rebuttal evidence tending to show that the prevailing hourly rate in the community was lower than those attested to by Clark's experts. *See, e.g., National Ass'n of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1326 (D.C.Cir.1982) (It is not enough that opposing party simply state that rate submitted is too high). The district court did not unduly emphasize the damages amount awarded by the jury, particularly in light of *Copper Liquor III*'s admonition to give it more weight than some of the other *Johnson* factors. The district court merely used the amount recovered as one factor in deciding to award $100 per hour as a reasonable hourly rate. It was not an abuse of discretion for the district court to do so.

## D. Enhancement

■ Enhancement of the lodestar amount is appropriate only in certain "exceptional" cases—those in which there is a substantial risk of not prevailing, or in which the issues are so novel or complex that the lodestar amount awarded would not provide a reasonable fee that would adequately reflect the quality of the representation. *See Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 566–67, 106 S.Ct. 3088, 3098–99, 92 L.Ed.2d 439 (1985). The district court specifically found that there was no exceptional level of risk of nonpayment, nor were the issues so novel or complex as to justify enhancement of the award. The need for enhancing the award must be "readily apparent and supported by evidence in the record." *Leroy IV,* 831 F.2d at 584. In light of Clark's failure to provide an adequate record which would evidence the relative complexity or an exceptional risk of nonpayment, the district court did not abuse its discretion in refusing enhancement.

## E. Conclusion

The district court, admittedly, did not go through a rigid step-by-step analysis of the *Johnson* factors in coming up with a reasonable attorney fees award in the instant case. But the district court either implicitly or explicitly addressed each of the *Johnson* factors, and Clark failed to carry his burden of proving that the time submitted was reasonable, so we cannot hold that the district court abused its discretion in finding that a reasonable attorney fees award in the instant case was $12,500.

To some, the result we affirm today may indeed seem harsh. But time and time again this court has admonished attorneys who file or defend a suit in which there is a possibility of a court award of attorney's fees, to keep careful time records so that the court may determine if the hours submitted are reasonable. *See, e.g., Copper Liquor III,* 684 F.2d at 1094; *Harkless v. Sweeny Indep. School Dist.,* 608 F.2d 594, 597 (5th Cir.1979). As the Supreme Court stated in *Hensley,* "[h]ours that are not properly billed to one's *client* also are not

properly billed to one's *adversary* pursuant to statutory authority." *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1040 (quoting *Copeland v. Marshall,* 641 F.2d 880, 891 (1980)) (en banc) (emphasis original).

Clark failed to carry his burden of proving the hours that he submitted reasonably reflected hours expended solely on his claims against Butler. It is not for the district court, nor for this court, to correct that failure. The district court properly relied on its observations of the case and its experience in similar cases, and adequately evaluated the case in light of the *Johnson* factors. That the district court came up with a figure substantially below the one requested may well disappoint Clark and his attorneys. Disappointment, however, does not equate with clear error or abuse of discretion.

AFFIRMED.