AMERICAN CONSTITUTIONAL
LAW FOUNDATION, INC.,
Plaintiff–Appellant,

and

Citizens for Sensible Rights; James H.
Lucero; Richard Heckmann, Francis
P. Maks, Jr., Plaintiffs,

v.

Felicia MUFTIC, Robert Shannon, Robert
E. Shannon, Douglas Anderson, indi-
vidually and in their official capacity
as Denver Election Commissioners;
Denver Election Commission, Defen-
dants–Appellees.

No. 91–1246.

United States Court of Appeals,
Tenth Circuit.

Feb. 11, 1992.

Lynn Watwood, Jr., Denver, Colo., on the briefs for plaintiff-appellant.

Daniel E. Muse, City Atty., and Stan M. Sharoff, Asst. City Atty., on the brief, for defendants-appellees.

Before MOORE, TACHA and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Appellants contend that the district court erred in denying their motion for leave to file a bill of costs, including attorneys' fees brought pursuant to 42 U.S.C. § 1988. On appeal, appellants contend that the district court's permanent injunction order did not address their request for costs and reasonable attorneys' fees. The appellants also assert that the ten-day filing limitation for costs and fees contained in Local Rule 105 of the District of Colorado does not apply to requests for such costs and fees under 42 U.S.C. § 1988. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

### BACKGROUND

Appellants filed a cause of action in the district court for the District of Colorado on February 25, 1991 alleging that their constitutional rights under the First Amendment to freely petition the government had been denied when appellees disqualified approximately 3,600 notarized signatures obtained on copies of a petition. On March 19, 1991, the district court granted appellants' motion for a permanent injunction, reinstating the 3,600 disputed signatures. The district court's order stated that the "Motion for Permanent Injunction is granted, only to the extent that defen-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

dants are restrained from disqualifying the 3,600 signatures contested in Protest I. It is further ordered that plaintiff's Motion for Permanent Injunction is denied in all other respects."

On May 1, 1991, appellants filed a motion for leave to file bill of costs, including fees. The district court denied this motion on June 12, 1991, and this appeal followed.

## DISCUSSION

Appellants contend that the district court's permanent injunction order did not address their request for costs and reasonable attorneys' fees under 42 U.S.C. § 1988 contained in their original complaint. The district court's order states that the "plaintiffs' Motion for Permanent Injunction is granted, only to the extent that defendants are restrained from disqualifying the 3,600 signatures." Section 1988 provides that "the court, in its discretion, *may allow the prevailing party*, other than the United States, a reasonable attorney's fee as part of the costs." (Emphasis added). The Supreme Court, in *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982), held that "a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action." Because the district court addressed only the main cause of action, we agree that the district court did not address appellants' request for attorneys' fees when it granted the permanent injunction.

■ Appellants next contend that the ten-day filing period for costs and fees contained in Local Rule 105 of the District of Colorado does not apply to requests for costs and fees under 42 U.S.C. § 1988. Local Rule 105 provides that "[b]ills of cost and motions to tax costs including claims for attorney fees must be made on or before ten (10) days after entry of judgment." D.Colo.R. 105. Appellants argue that the Supreme Court, in *White v. New Hampshire*, held that ten days is too short a time period for filing requests for attorneys' fees under § 1988.

In *White*, the Supreme Court addressed whether a request for attorneys' fees was "a 'motion to alter or amend the judgment,' subject to the 10–day timeliness standard of Rule 59(e) of the Federal Rules of Civil Procedure." 455 U.S. at 446–47, 102 S.Ct. at 1163–64. Because the Court found that a fee request "require[s] an inquiry separate from the decision on the merits," *id.* at 451–52, 102 S.Ct. at 1166–67, it concluded that Rule 59(e) was inapplicable to post-judgment fee requests. Thus, the ten-day time limit contained in Rule 59(e) also was inapplicable to a request for attorneys' fees brought under § 1988.

In discussing the usefulness of the ten-day time limit, the Court stated that "[t]he 10–day limit of Rule 59(e) ... could deprive counsel of the time necessary to negotiate private settlements of fee questions." *Id.* at 453, 102 S.Ct. at 1167. Finally, the Court stated that

[s]ection 1988 authorizes the award of attorney's fees 'in [the] discretion' of the court. We believe that this discretion will support a denial of fees in cases in which a postjudgment motion unfairly surprises or prejudices the affected party. *Moreover, the district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees.*

*Id.* at 454, 102 S.Ct. at 1167 (second alteration in original) (emphasis added). Thus, although the Court criticized the ten-day rule, it explicitly allowed the district courts to continue to adopt local rules requiring the timely filing of motions for attorneys' fees.

■ Because the Supreme Court did not limit the district courts' power to adopt local rules in any way, we conclude that Local Rule 105 of the District of Colorado applies to requests for attorneys' fees under § 1988. In addition, we note that the filing requirement of Local Rule 105 is not absolute. The preface to the Local Rules specifically provides that "a judge is empowered, for good cause shown, to excuse or modify compliance with these rules." Thus, for good cause, a party could be allowed to file a motion for attorneys' fees after the ten-day period has expired. Be-

cause appellants only challenge the application of the ten-day time limit, we do not address whether good cause existed in this case. We simply conclude that the appellants' motion for attorneys' fees and costs was untimely under Local Rule 105 and the district court properly refused to consider it.

AFFIRMED. The mandate shall issue forthwith.