James COOPER, et al., Plaintiffs,

v.

Jessie HOPKINS, Sheriff of Madison County, et al., Defendants.

Civil Action No. 3:78–CV–207WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 3, 1995.

See also, 77 F.3d 829.

Ronald Welch, Jackson, MS, for Plaintiffs.

Rebecca Cowan, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court are the motions of the plaintiffs in the above styled and numbered cause for attorney fees and expenses on behalf of their respective counsel, Ronald Welch, Tara Walker, and Terry Wallace, pursuant to Title 42 U.S.C. § 1988, Civil Rights Attorney's Fees Awards Act of 1976.[1] This court's jurisdiction is predicated on Title 28 U.S.C. §§ 1331[2] and 1343.[3]

### I. BACKGROUND

This prisoners' rights case began in 1978 when a group of inmates (hereinafter "plaintiffs") in the Madison County Jail, Madison County, Mississippi, filed a class action lawsuit against Madison County and its officials (hereinafter "Madison County") pursuant to Title 42 U.S.C. § 1983.[4] The plaintiffs al-

1. Title 42 U.S.C. § 1988 provides in pertinent part that, "[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

2. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

3. (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (4) To recover damages or to secure equitable or other relief under

any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

4. Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia

leged that conditions and practices at the Madison County Jail violated the rights secured to the plaintiffs by the Eighth[5] and Fourteenth[6] Amendments of the United States Constitution. *See Gates v. Collier,* 349 F.Supp. 881 (N.D.Miss.1972), *aff'd,* 501 F.2d 1291 (5th Cir.1974); and *Ruiz v. Estelle,* 503 F.Supp. 1265 (S.D.Tex.1980), *aff'd in part and rev'd in part,* 679 F.2d 1115 (5th Cir.), *amended in part and vacated in part,* 688 F.2d 266 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983). As the litigation proceeded, the parties were able to negotiate an interim agreement, which was accepted and entered by the district court as an interim judgment. The interim judgment included a variety of remedial measures and directives aimed at bringing the jail into compliance with the requirements of the United States Constitution.[7]

One year after the interim judgment was entered, the parties agreed to allow the district court to refer their dispute to United States Magistrate Judge John R. Countiss, III. Soon thereafter, the Magistrate Judge entered a final judgment in the case on December 14, 1981. After the final judgment was entered, the plaintiffs filed four motions asking the Magistrate Judge to hold Madison County in contempt for various violations of the interim judgment. Three of these motions were dismissed. However, the fourth contempt motion was not dismissed until Madison County agreed to new terms for compliance monitoring and until the plaintiffs reported that Madison County was in substantial compliance with the final judgment dated December 14, 1981.

More than one decade after entry of the final judgment, Madison County filed a motion pursuant to Federal Rules of Civil Procedure 60(b)(5) and (6) for relief from the judgment, touting the 1992 construction of the $4.7 million dollar Madison County Detention Center. The plaintiffs opposed Madison County's motion, contending that at the time Madison County was not in substantial compliance with the final judgment entered December 14, 1981. Plaintiffs asked the Magistrate Judge to find Madison County in contempt for violating the consent judgment; to appoint a monitor to oversee the county's compliance with the 1981 consent judgment; and to assess costs to the county. After an evidentiary hearing on Madison County's motion, the Magistrate Judge entered a memorandum opinion and order on September 28, 1993, wherein he held that Madison County had failed to show that relief from the final judgment was warranted—with the exception of the matter of contact visitation for pretrial detainees which, since the final judgment of December 14, 1981, had been found by the United States Supreme Court not to be constitutionally mandated. *See Block v. Rutherford,* 468 U.S. 576, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984) (holding that contact visitation for pretrial detainees is not constitutionally required). The Magistrate Judge found that Madison County had failed to abide by the terms of the final judgment dated December 14, 1981, once its jail facilities had been moved into the new Madison County Detention Center. The Magistrate Judge denied Madison County's motion for relief from judgment and held Madison County and its officials in contempt of court for being in continuing violation of the final judgment dated December 14, 1981. *See Cooper v. Noble,* 33 F.3d 540, 543 (5th Cir.1994). Additionally, the Magistrate Judge ordered the appointment of a monitor to oversee the defendants' remedial progress. The Magis-

---

shall be considered to be a statute of the District of Columbia.

**5.** The Eighth Amendment provides that, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

**6.** The Fourteenth Amendment provides in pertinent part that, "... nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws."

**7.** The interim judgment was divided into the following 24 categories: nutrition, hygiene supplies, clothing, bedding, writing materials and postage, medical attention, matrons, fire safety, access to attorneys and legal materials, reading materials, televisions and radios, smoking, telephone calls, visitation, exercise and recreation, use of force and corporal punishment, classification of inmates, access to stores, daily cleanup, selection and training of jail personnel, disciplinary procedures, and notice of rules.

trate Judge did not rule on the plaintiffs' request for costs. Furthermore, he did not enter a separate judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

Thereafter, Madison County moved for permission to take an interlocutory appeal of the Magistrate Judge's decision to the United States Court of Appeals for the Fifth Circuit. This motion was denied by United States Magistrate Judge James C. Sumner on October 12, 1993.[8] However, on October 27, 1993, Magistrate Judge Sumner reconsidered his October 12, 1993, order and amended the memorandum opinion and order of Magistrate Judge Countiss dated September 28, 1993, to provide that interlocutory appeal could be taken pursuant to Title 28 U.S.C. § 1292(a)(1) which provides in pertinent part that, "... the courts of appeals shall have jurisdiction of appeals from: (1) [i]nterlocutory orders of the district courts of the United States ... granting ... injunctions."

The Fifth Circuit heard the interlocutory appeal and held that Magistrate Judge Countiss had not abused his discretion when he had found that Madison County had failed to demonstrate either changes in factual conditions or changes in the law to justify his granting Madison County's Rule 60(b) motion for relief. *Cooper v. Noble*, 33 F.3d at 544–45. The Fifth Circuit also held that the Magistrate Judge's finding of contempt was neither clearly erroneous nor an abuse of his discretion. *Id.* The Fifth Circuit's decision was rendered on October 5, 1994.

On October 18, 1994, counsel for the plaintiffs Ron Welch submitted his verified motion for attorney fees and expenses to this court. Counsel for the plaintiffs Tara Walker sought additional time to present her motion for attorney fees on behalf of herself and Terry Wallace, and her motion was submitted on November 17, 1994. Thereafter, this court scheduled and heard the oral arguments of the parties.

## II. *ANALYSIS*

■ Title 42 U.S.C. § 1988[9] enables federal courts to grant attorney's fees to prevailing plaintiffs as part of costs in prisoners' rights case. In the case sub judice, the Fifth Circuit affirmed the Magistrate Judge's denial of the county's Rule 60(b) motion for relief from the final judgment and his finding of contempt. As such, the plaintiffs have prevailed and their attorneys are presumptively entitled to an award of fees pursuant to 42 U.S.C. § 1988. *Hensley v. Eckerhart*, 461 U.S. 424, 428–30, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983). "As the first step in determining the amount of attorneys fees to award, the district court must determine the compensable hours from the attorneys' time records, including only hours reasonably spent. As a second step, the district court must select an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases. The number of compensable hours is then multiplied by the selected hourly rate to produce the 'lodestar' amount." *Shipes v. Trinity Industries*, 987 F.2d 311, 319 (5th Cir.1993), citing *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir.1990); and *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th.), *vacated in part*, 903 F.2d 352 (5th Cir.1990). *See also Hensley v. Eckerhart*, 461 U.S. at 432–34, 103 S.Ct. at 1939.

■ Once the lodestar is calculated, based on considerations such as the nature and extent of the services supplied by the attorneys and the value of their services according to the customary fee and the quality of the legal work, the district court then determines whether the lodestar should be adjusted on the basis of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other

---

8. Magistrate Judge John R. Countiss retired at the end of September of 1993 and was replaced by Magistrate Judge James C. Sumner.

9. ... In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount of time involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Clark v. Butler*, 916 F.2d 255 (5th Cir.1990), citing *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1092 (5th Cir.1982) (*Copper Liquor III*), *modified on other grounds*, 701 F.2d 542 (5th Cir.1983) (en banc), *overruled on other grounds, International Woodworkers of America, AFL–CIO v. Champion Int'l Corp.*, 790 F.2d 1174, 1175 (5th Cir.1986).

### A. The Motion of Ron Welch for Attorney Fees

Counsel for the plaintiffs Ron Welch made his appearance in this litigation on November 2, 1993, after Madison County filed its notice of appeal. Hence, all the hours claimed by Ron Welch are hours spent on Madison County's appeal of the memorandum opinion and order of the Magistrate Judge dated September 28, 1993. Welch has submitted contemporaneous time records which purport to show that he spent a total of 120 hours not only preparing the plaintiffs' appellate brief and submitting his motion for attorney fees, but also for drafting motions on behalf of the plaintiffs for on-going monitoring and attorney access to the Madison County Detention Center. Welch contends that his usual rate per hour is $150.00. Additionally, Welch urges this court to enhance his hourly rate of $150.00 by $5.00 per hour because representation of plaintiffs in the instant case was "undesirable" [10] employment. Finally, Welch urges this court to increase his hourly rate by a multiplier of two (2) to punish the county for the contemptuous behavior of failing to comply with the final judgment of this court dated December 14, 1981. In total, Welch seeks $37,200 in attorneys' fees and costs.

Madison County responds that because the Magistrate Judge ordered the plaintiffs to bear their own costs in the final judgment dated December 14, 1981, Welch is not entitled to be compensated for any hours expended in an attempt to enforce the consent judgment (i.e. drafting motions for on-going monitoring and attorney access). Madison County further contends that Welch should be compensated only for the time reasonably expended in preparation of the plaintiffs' appellate brief and the motion for attorney fees. Madison County also takes issue with Welch's time records, arguing that the time records do not show how much time Welch actually spent on each service rendered. Madison County relies heavily on the cases of *Hensley*, 461 U.S. at 432–34, 103 S.Ct. at 1939, and *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.1990). Both *Hensley* and *Von Clark* support the proposition that the district court should reduce hours claimed by attorneys if the documentation presented to the court is inadequate and the time claimed is not reasonably expended.[11] *Von Clark*, at 259. Madison County argues that Welch's hours should be reduced because "he spent numerous hours researching Rule 60(b) motions, reading the appellate record, and reading the motion hearing transcript," and that Welch's claim for compensation pertaining to these hours contains duplication of the hours spent on these same tasks performed by Tara Walker and Terry Wallace.

### 1. Lodestar

■ This court has reviewed Welch's time sheets and finds that Welch essentially has complied with *Hensley* by identifying the general subject matter of his expenditures in a manner sufficient for this court to ascertain

---

10. One of the twelve *Johnson* factors is: (10) the undesirability of the case. This factor embraces the hardships counsel may face as the result of representing unpopular causes such as community resentment and loss of income. *See Johnson v. Georgia Highway Express*, 488 F.2d 714, 719 (5th Cir.1974) (civil rights cases); *see also Alberti v. Klevenhagen*, 903 F.2d 352 (5th Cir.1990) (prisoner cases).

11. However, in *Hensley* the United States Supreme Court stated in footnote 12, that "[p]laintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended," but, "at least counsel should identify the general subject matter of his expenditures." *Von Clark*, at 259 n. 4, citing *Hensley*, 461 U.S. at 436–37, 103 S.Ct. at 1941.

the tasks for which he seeks attorney's fees. In order to arrive at a reasonable award, this court has reduced the number of hours claimed by Welch, especially in the area of time charged for "drafting," "review," and "research." For instance, on March 12, 1994, Welch claimed 3.0 hours for "drafting brief" and "reviewing record." On March 13, 1994, Welch claimed 5.0 hours for "reviewing record," "drafting brief," and "editing brief." Then, Welch claimed 11 hours on each of the three days following, from March 14, 1994, to March 16, 1994 (33 hours total), for the same combined tasks of "drafting brief;" "reviewing record;" "researching cases;" and "editing brief." Altogether, 41 hours were claimed for the same tasks over a period of 5 days. This court also has adjusted the hours claimed between March 7, 1994, and March 11, 1994, for "review and analysis of transcript and record;" and for "case law research" and "continuing case law research." Finally, this court had made nominal adjustments to Welch's claim for 18 hours pertaining to the time required for preparation of his motion for attorney fees on October 13, 14 and 17 of 1994. Having made reductions where appropriate in order to reflect a reasonable expenditure of time, this court finds that Welch reasonably spent 56.25 hours representing the plaintiffs before the United States Court of Appeals for the Fifth Circuit and in the preparation of his motion for attorney fees.

Welch subsequently submitted a supplemental affidavit and hand written records requesting fees for time spent drafting and submitting a motion for access of counsel to the Madison County Detention Center; obtaining billing records of counsel by subpoena duces tecum; consulting with other counsel on the matter of enforcing the consent judgment and participating in settlement negotiations. This court has reviewed the supplemental affidavit and has reduced the number of hours claimed for items such as research, review, and drafting. This court

finds that 19.75 hours reasonably were devoted to these services.[12]

Welch submits that his reasonable per hour rate is $150.00 for the legal services that he provided in this case. According to Welch, his customary fee of $150.00 per hour is an appropriate hourly rate in part because it is based on the prevailing community standard for attorneys of similar experience in similar cases. Welch submits an order of this court dated September 30, 1993, in *Wilson v. City of Jackson*, J80–0008(C), signed by Magistrate Judge Countiss wherein he was awarded an hourly rate of $150.00 for services rendered in a prisoner rights case. Welch also contends that he is recognized as a specialist in the area of prisoners' rights litigation, having served as the lead plaintiffs' class attorney in *Gates v. Collier*, an ongoing prison conditions case involving the Mississippi State Penitentiary at Parchman, for more than 18 years. Welch notes that he has represented prisoners in federal court in numerous lawsuits challenging jail conditions. Welch also submits a summary of his educational background and immediate post-degree employment—cum laude graduate of Harvard College; a Fulbright scholar; juris doctor from the University of Mississippi School of Law in 1973; member of the editorial board of the *Mississippi Law Journal*; and law clerk to retired Chief Judge Charles Clark of the United States Court of Appeals for the Fifth Circuit.

Madison County contends that Welch's hourly rate should be reduced because of his limited role in the instant case and because, according to Madison County's estimate, the quality of his brief to the Fifth Circuit was poor. Madison County cites *Leroy v. City of Houston*, 831 F.2d 576, 583, n. 11 (5th Cir. 1987) (noting that the *Johnson* factors include ascertaining the nature and extent of services supplied by the attorney; and *Smith v. Walthall Co., Mississippi*, 157 F.R.D. 388,

---

12. In calculating the lodestar, this court has taken into consideration the two hours claimed by Welch for travel relating to the time spent on the motion for access to MCDC and enforcement of the consent judgment. Courts have held that travel time may be compensated at a rate which is less than the reasonable hourly attorney's fees

rate. *Smith v. Walthall County*, 157 F.R.D. 388, 393 (S.D.Miss.1994), citing *Watkins v. Fordice*, 807 F.Supp. 406, 414 (S.D.Miss.1992); *Martin v. Mabus*, 734 F.Supp. 1216, 1227 (S.D.Miss.1990); and *Beamon v. City of Ridgeland*, 666 F.Supp. 937, 941 (S.D.Miss.1987).

391 (S.D.Miss.1994)) (holding, among other things, that the $110.00 hourly rate initially submitted by prevailing counsel was justified, and that a supplemental affidavit contending that an increase in hourly rate to $175.00 was mandated by the Fifth Circuit's decision in *Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993), was untimely and not supported by that Court's ruling).

This court, having reviewed all submissions of the parties on this issue, finds no reason to reduce the hourly rate of $150.00 claimed by Welch. Hence, this court finds that Ron Welch is entitled to the lodestar amount of 76 hours × $150.00, or a sum of $11,400.00.

### 2. *Enhancement*

██ Enhancement of the lodestar is appropriate only in certain "exceptional" cases such as those in which there is a substantial risk of not prevailing, or in which the issues are so novel or complex that the lodestar amount award would not provide a reasonable fee that would adequately reflect the quality of the representation. *Von Clark*, 916 F.2d at 260; *Hensley*, 461 U.S. at 434–35, 103 S.Ct. at 1940. The burden of proving that enhancement is necessary to the determination of a reasonable fee is on the fee applicant. *Blum v. Stenson*, 465 U.S. 886, 896–98, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). Even if a court finds that enhancement is proper considering the exceptional risk of loss taken by counsel, the upward adjustment of the lodestar should be no more than one third or 33%. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 729–31, 107 S.Ct. 3078, 3089, 97 L.Ed.2d 585 (1987).

██ Welch's argument for a $5.00 enhancer is based on the tenth *Johnson* factor, "the undesirability of the case." Welch and plaintiffs' other attorneys, Tara Walker and Terry Wallace, cite *Alberti v. Sheriff of Harris County*, 688 F.Supp. 1176, 1199 (S.D.Tex. 1987), *aff'd in part, rev'd in part, Alberti v. Klevenhagen*, 896 F.2d 927 (5th Cir.); *modified on reh.*, 903 F.2d 352 (5th Cir.1990),[13] for the proposition that this court may enhance

an award of attorney's fees based on this factor. However, when considering the "undesirability" factor as an independent basis for enhancing the lodestar, this court is guided by established Fifth Circuit and United States Supreme Court jurisprudence that "such modifications are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts." *See Von Clark v. Butler*, 916 F.2d 255, 260 (5th Cir.1990); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566–67, 106 S.Ct. 3088, 3098–99, 92 L.Ed.2d 439 (1986). Additionally, a district court should not enhance the lodestar unless the prevailing party shows that enhancement is necessary to make the award of attorneys' fees reasonable. *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir.1993). Otherwise, the lodestar is presumptively reasonable. *City of Burlington v. Dague*, 505 U.S. 557, 561–63, 112 S.Ct. 2638, 2641, 120 L.Ed.2d 449 (1992).

The district court in *Alberti v. Sheriff of Harris County* found that prison conditions lawsuits involved "undesirability" elements in at least three distinct respects:

a. The general negative stigma which is commonly associated with corrections litigation. Court's Order of March 2, 1984 at p. 10; *Martino v. Carey*, 568 F.Supp. 848, 851 (D.Or.1983);

b. The significant physical unpleasantness attendant to presentation of the Plaintiff class in the present case. Plaintiffs' counsel had to expend and endure scores of hours in the oppressive, unpleasant and intimidating conditions of the Harris County detention facilities as they existed at the time. (Landry Deposition at p. 102; Sheppard Deposition at pp. 167–168);

c. The public vilification of Plaintiffs' counsel in this case specifically engendered by Defendants "for the purpose of mobilizing public sentiment in their favor." *See* Court's Order of April 9, 1985 at p. 14 (which conduct was essentially admitted by

---

**13.** In *Alberti*, the Fifth Circuit vacated the portion of its opinion in *Alberti v. Klevenhagen*, 896 F.2d 927 (5th Cir.1990), which reversed the district court's award of a $5.00 enhancement of

counsel's hourly rate to compensate for case "undesirability," conceding that upon review of the matter the record did adequately support the claim for an enhancer. *Alberti*, 903 F.2d at 352.

Judge Lindsay in his deposition (Lindsay Deposition at pp. 41–44), and established by the credible testimony of Plaintiffs' counsel).

*Alberti,* 688 F.Supp. at 1199. *Cf. Amico v. New Castle County,* 654 F.Supp. 982, 1002–03 (D.Del.1987) (refusing to allow a multiplier for the undesirability of a case where the two principal attorneys for the plaintiff made their living representing unpopular causes and had done so for many years).

■ Even if it arguably may be said that Welch has established that there is a general negative stigma commonly associated with prisoners' rights litigation, Welch still has not demonstrated that he was subjected to "oppressive, unpleasant, and intimidating conditions" in the instant case or that he was vilified by anyone seeking to mobilize public sentiment against Welch and in favor of Madison County. Welch's involvement in the instant case was at the appellate level rather than the trial level where public scrutiny is more pronounced. The record simply does not support the contention that a $5.00 per hour enhancer of Welch's hourly rate would be required to attract competent counsel to provide comparable service in the instant case.

Therefore, this court finds that Welch has not shown the requisite factors set forth in *Alberti* to support an award of $5.00 as an enhancement to his already adequate and reasonable hourly rate of $150.00 per hour based on the "undesirability" of his employment as appeal counsel in the instant case. *See Watkins v. Fordice,* 7 F.3d 453, 459 (5th Cir.1993) (holding that lodestar should not be enhanced unless enhancement was required to make the lodestar reasonable).

### 3. *Hours Spent Enforcing the December 14, 1981, Judgment*

■ Madison County contends that Welch, Walker and Wallace should not be compensated for any hours spent on tasks pertaining to the enforcement of the December 14, 1981, consent judgment because that document ordered the plaintiffs to bear their own costs. Madison County offers no authority to support the assertion that by assessing "costs" to the plaintiffs in 1981, the court was, in essence, precluding the plaintiffs from seeking "costs" or attorney's fees for all future matters which might arise in this case.

Moreover, Fifth Circuit jurisprudence does not support the contention that the plaintiffs are precluded from seeking costs and fees in all subsequent litigation of this case after December 14, 1981. For instance, in *Miller v. Carson,* 628 F.2d 346, 349 (5th Cir.1980), citing *Northcross v. Board of Education,* 611 F.2d 624, 637 (6th Cir.1979), cert. denied, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980), the Court held that an attorneys' fee award properly included cost for monitoring post-verdict compliance with a school desegregation order. Citing *Miller,* the Fifth Circuit in *Alberti v. Klevenhagen,* 896 F.2d 927, 933 (5th Cir.1990), stated that monitoring a consent judgment is a compensable activity. Certainly all principles of equity and fairness would be frustrated if this court were to hold that Madison County could initiate post-judgment litigation against the plaintiffs, as was done in the instant case, then be shielded from the plaintiffs' request for fees and expenses when that post-judgment litigation did not succeed. Therefore, this court finds that the plaintiffs are not permanently precluded from seeking costs and attorney fees for services undertaken by counsel to monitor and assure enforcement of the December 14, 1981, consent judgment. Welch's hours shall not be reduced by the number of hours spent in pursuit of this service.

### B. *The Motion for Attorney Fees of Tara Walker and Terry Wallace*

Tara Walker claims that she should be compensated for 223.12 hours expended in this case, both in response to Madison County's motion for relief from judgment and on appeal. Terry Wallace claims that he is entitled to attorney fees for 212 hours spent opposing Madison County's Rule 60(b) motion and for the time spent reviewing and researching Madison County's interlocutory appeal.

Madison County argues that neither Tara Walker nor Terry Wallace should be compensated for hours spent in the enforcement of the December 14, 1981, consent judgment because the plaintiffs were ordered to bear

the costs they had incurred up to the time that judgment originally was entered. This court has rejected this argument because it is unsupported by any authority; because current Fifth Circuit authority militates against this view, relying on *Miller v. Carson,* at 349, citing *Northcross v. Board of Education,* 611 F.2d at 637, *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862; and *Alberti v. Klevenhagen,* 896 F.2d at 933; and because to so hold would offend all notions of fairness. Alternatively, Madison County argues that the motions of Walker and Wallace for fees pertaining to the time expended opposing Madison County's Rule 60(b) motion is untimely. Madison County does not object to Walker and Wallace being compensated for services rendered on appeal.

### 1. *Untimeliness*

■■■ Madison County contends that Tara Walker should be compensated only for the 79.66 hours that she spent preparing and presenting the plaintiffs' oral arguments before the Fifth Circuit Court of Appeals, 17 hours preparing her motion for attorneys fees, and six (6) hours for travel to and from New Orleans. According to Madison County, Walker's request for compensation pertaining to opposition of Madison County's Rule 60(b) motion before the Magistrate Judge is time-barred.

Likewise, Madison County contends that Terry Wallace's compensation should be limited to the 11.5 hours spent on research pertaining to Madison County's interlocutory appeal of the Magistrate Judge's memorandum opinion and order dated September 28, 1993, and that any other hours claimed for services rendered before appeal are time-barred.

Walker and Wallace respond that a judgment in compliance with Rule 58 of the Federal Rules of Civil Procedure has yet to be entered in this case since the memorandum opinion and order of Magistrate Judge Countiss was entered on September 28, 1993.[14] Hence, say Walker and Wallace, their motion

for attorney fees is not untimely filed, citing *Smith v. Village of Maywood,* 970 F.2d 397, 400 (7th Cir.1992) (holding that Rule 58 requires a separate document containing an unadorned version of the outcome of the case).

Madison County relies on Rule 15(b) of the Uniform District Court Rules for the Northern and Southern Districts of Mississippi which provides in pertinent part that, "[a]ll motions for attorney fees to be awarded by law as part of the costs of the action, whether provided for by statute or otherwise, shall be served by the prevailing party to whom costs are awarded not later than 30 days after entry of judgment." According to Madison County, Walker and Wallace did not submit their motion for attorney fees within thirty days of the Magistrate Judge's memorandum opinion and order dated September 28, 1993; hence, their fee motion submitted on November 17, 1994, is untimely. Madison County cites several cases from various jurisdictions which hold that the timeliness of a motion for attorney fees is governed by the federal district court's Local Rule. *See Jordan v. Allain,* 619 F.Supp. 98, 101 n. 1 (N.D.Miss. 1985) (under the Local Rule of the Mississippi district courts, a prevailing party must seek attorney's fees within 30 days of entry of the final judgment); *American Constitutional Law Foundation, Inc. v. Muftic,* 956 F.2d 958, 959–960 (10th Cir.1992) (requests for attorneys' fees must be made within the 10–day limit set forth in the Colorado district court's Local Rule); and *Zaklama v. Mount Sinai Medical Center,* 906 F.2d 645, 647–649 (11th Cir.1990), citing *Knighton v. Watkins,* 616 F.2d 795, 798 n. 2 (5th Cir.1980) (time for filing for attorney's fees was controlled by the Florida district court's local rule).

Of course, whether Madison County is correct in its assertion that a substantial part of the plaintiffs' attorney fee claims is time-barred depends upon whether there has been an "entry of judgment" as required by Rule

---

**14.** Rule 58 of the Federal Rules of Civil Procedure provides in pertinent part that, "[e]very judgment shall be set forth in a separate document. A judgment is effective only when so set forth and when entered as provided in Rule

79(a)." Rule 79(a) provides that all papers filed in each case, including judgments and orders, be entered on the civil docket kept by the clerk of the district court.

15(d) of the Uniform Local Rules.[15] As previously noted, Madison County appealed the memorandum opinion and order of the Magistrate Judge dated September 28, 1993, pursuant to 28 U.S.C. § 1292(a)(1), the statute that gives courts of appeals jurisdiction over interlocutory orders of district courts. Magistrate Judge Sumner first denied, then granted on reconsideration Madison County's request to take an interlocutory appeal. Magistrate Judge Sumner's order dated October 27, 1993, states that, "that portion of this Order (the September 28, 1993, order) which directs the defendants to comply with the Final Judgment (entered by the Magistrate Judge on December 14, 1981) by January 1, 1994, involves controlling questions of law as to which there are substantial grounds for difference of opinion, and that an immediate appeal from this Order may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b)." Additionally, as previously noted, Magistrate Judge Countiss, after entering his memorandum opinion and order, appointed a monitor to oversee the defendants' remedial progress, but he did not rule on the plaintiffs' request for costs and no separate judgment was entered in accordance with Rule 58 of the Federal Rules of Civil Procedure. The civil docket reveals no entry of judgment after the ruling of the Magistrate Judge on September 28, 1993. Subsequently, Madison County sought to amend the memorandum opinion and order to permit an interlocutory appeal. This was denied by Magistrate Judge Sumner, but no Rule 58 judgment was entered on the civil docket kept by the Clerk of the Court. Then, as earlier mentioned, on October 27, 1993, Magistrate Judge Sumner permitted an interlocutory appeal of the memorandum opinion and order. However, there was still no entry on the civil docket of a Rule 58 judgment. The Fifth Circuit assumed jurisdiction of the appeal pursuant to 28 U.S.C. § 1292(a) as an interlocutory order of the district court granting an injunction. Of course, the Fifth Circuit may assume or reject jurisdiction of an appeal regardless of whether a Rule 58 judgment is entered. See Whitaker v. City of Houston, 963 F.2d 831,

834 (5th Cir.1992), citing Townsend v. Lucas, 745 F.2d 933 (5th Cir.1984). So, the Fifth Circuit's assumption of jurisdiction over an appeal does not necessarily mean that a Rule 58 judgment was entered by the district court.

This court is persuaded that neither the memorandum opinion and order dated September 28, 1993, nor the order permitting interlocutory appeal dated October 27, 1993, constitutes a Rule 58 entry of judgment. Fifth Circuit jurisprudence supports this conclusion. In Whitaker v. City of Houston, as in the case sub judice, the record revealed that the district court had not entered a Rule 58 judgment. The district court's ruling appeared in a memorandum opinion and order, but not in a separate document as Rule 58 requires. Additionally, as in the case sub judice, the district court also failed to enter a Rule 58 judgment after denying the plaintiff's motion to amend the memorandum opinion and order. The Fifth Circuit concluded that there had been no entry of judgment, notwithstanding that it assumed jurisdiction over the appeal. Id. at 833.

This court finds the facts of Whitaker illuminating and closely analogous to the circumstances of the instant case. Hence, this court finds that there has been no entry of judgment as required by Rule 58 of the Federal Rules of Civil Procedure or by Rule 15(d) of the Uniform Rules of this Court. There is nothing to indicate that the parties have consented to waive the requirement of Rule 58. See Bankers Trust Company v. Mallis, 435 U.S. 381, 386–88, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (1978). Therefore, without entry of judgment, the motions of Tara Walker and Terry Wallace for compensation pertaining to preserving the December 14, 1981, consent judgment from Madison County's collateral attack are, at worst, premature, but they are not time-barred.

### 2. Lodestar

This court has reviewed closely the affidavits and activity sheets submitted by Tara Walker and Terry Wallace. Reductions have been made for duplication and repetitive en-

---

**15.** Rule 54(a) of the Federal Rules of Civil Procedure provides that, " '[j]udgment' as used in these rules includes a decree and any order from which an appeal lies."

tries for the same tasks.[16] Where both Walker and Wallace have claimed the same amount of hours for performance of the very same service, the reasonable time required has been divided equally between them instead of duplicated and fully allocated to both attorneys. This court finds that Tara Walker reasonably has spent 130.6 hours in pursuit of the matter involved in this litigation while Terry Wallace reasonably has spent a total of 107.25 hours on this case.

■ Tara Walker asks to be compensated at the rate of $100.00 per hour. Madison County agrees that this hourly rate is reasonable, and Walker has submitted the affidavits of attorneys Suzanne Keys and Deborah A. McDonald, stating that the prevailing market fee for lawyers with seven (7) or more years of experience is between $100.00 to $130.00 per hour. Therefore, the lodestar amount for Tara Walker is 130.6 × $100.00, or $13,060.00.

■ Terry Wallace contends that he is entitled to be compensated at an hourly rate of $125.00 per hour. Madison County says that Wallace's hourly rate should be reduced to $110.00 per hour because of his limited role in the litigation. Wallace's claim is supported by affidavits of attorneys Keys and McDonald who assert that Wallace should be compensated at an hourly rate of $125.00. According to Keys, she and Wallace have worked together on prisoner rights litigation in Simpson County, Mississippi. *See John Rainer et al. v. Lloyd Jones, et al.,* Civil Action No. 3:78–cv–135N. Wallace has served in the United States Air Force, Judge Advocate General's Corps, in private practice, and as an Assistant District Attorney for the Sixteenth Judicial District of Mississippi. Wallace is currently employed as a Deputy City Attorney for the City of Jackson, Mississippi. He has been an attorney for over fourteen years. Therefore, finding no basis for a reduction of Wallace's claim of $125.00 per hour, this court determines the lodestar amount for Terry Wallace to be 107.25 × $125.00, or $13,406.25.

### 3. Enhancement

Both Tara Walker and Terry Wallace have requested a $5.00 enhancement of their respective hourly rates based primarily on the "undesirability" of this employment. This court has reviewed the *Johnson* [17] factors and finds no other basis for enhancement of the lodestar. Therefore, this court hereby denies the requests of Tara Walker and Terry Wallace for a $5.00 enhancement of their respective hourly rates for the reasons already set forth in the computation of a reasonable fee for Ron Welch.

### 4. The Matter of Applying a 2.0 Multiplier to the Lodestar

■ Ron Welch, Tara Walker, and Terry Wallace argue that this court should increase their hourly rates by a multiplier of two (2.0) in order to punish Madison County for its failure to be in full compliance with the con-

---

16. For example, both Walker and Wallace have claimed exactly the same number of hours for attending the court hearing held between January 20 and January 26, 1993, and each of them seek a full fee for this task without accounting for the obvious division of their labor. Additionally, both Walker and Wallace claimed 5 hours for reviewing a transcript on April 14, 1993. Then, on April 15, 1993, both Walker and Wallace claimed 6.5 hours for reviewing the same transcript "with co-counsel." On October 2, 1992, Wallace claimed 6 hours for preparing a list of areas of non-compliance. Wallace claimed 4 more hours for this task on October 14, 1992, and 3.5 additional hours for this task on October 21, 1992. Then, on November 20, 1992, Wallace claimed 5 more hours for this task. Wallace claimed 6.5 additional hours for completing this task on November 30, 1992. Walker claimed 6 hours for "outlining" all cases cited in the parties' briefs on July 24, 1994. Then, on July 26, 1994, Walker claimed 4 hours for "summarizing" all cases cited in the parties' briefs. Finally, Walker claimed 7 hours for oral argument preparation on July 29 and July 30, 1994. On August 1, 1994, Walker claimed 6 additional hours for oral argument preparation, and 3 more hours on August 3, 1994, while traveling to New Orleans.

17. This court has applied the *Johnson* factors in computation of the lodestar. Additionally, this court has given particular attention to factors (2), the novelty and difficulty of the questions; (4) the preclusion of other employment by the attorney due to this case; (6) whether the fee is fixed or contingent; (7) time limitations; and (11) the nature and length of the professional relationship with the client. This court finds that none of these factors are so exceptional that they should serve as the basis for enhancement of the lodestar.

sent judgment dated December 14, 1981. As previously noted, the Magistrate Judge in his September 28, 1993, memorandum opinion and order found Madison County in contempt of court for its failure to comply with all the terms of the consent judgment. The Magistrate Judge denied Madison County's motion for relief from judgment; ordered Madison County to comply with all provisions of the final judgment by January 1, 1994; and directed that a monitor be appointed to oversee Madison County's remedial progress. No fine for contempt was imposed by the Magistrate Judge against Madison County.

Welch, Walker, and Wallace cite cases holding that a district court may assess attorney's fees against a party who acts in bad faith in complying with the court's orders. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (attorney fees may be awarded as part of a fine for willful disobedience of a court order); *Hutto v. Finney*, 437 U.S. 678, 691, 98 S.Ct. 2565, 2573–74, 57 L.Ed.2d 522 (1978) (state may be ordered to pay attorney fees for disregarding a federal court order); *Newman v. State of Alabama*, 683 F.2d 1312, 1318 (11th Cir.1982) (party who won an injunction may be awarded a remedial fine); and *Nat'l Maritime Union v. Aquaslide 'N' Dive Corp.*, 737 F.2d 1395, 1400 (5th Cir.1984) (suggesting that a remedial fine may include attorney fees). Of course, this court by the instant order has awarded attorney fees to all counsel for the plaintiffs. None of the cases cited by the plaintiffs involves the application of a multiplier. The plaintiffs offer no authority to suggest that a party's failure to comply with a court order is a basis for enhancing the attorney fees awarded in a case as a punitive measure, and this court has located no authority suggesting that a multiplier should be

applied on this basis. Moreover, an award of attorney fees "is to be used as an incentive for the private enforcement of constitutional rights, not as a shill for the imposition of punitive damages." *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir.1987). In the instant case the plaintiffs were not engaged in any effort to bring about compliance by Madison County, and counsel were pursuing no relief efforts on plaintiffs' behalf at the time Madison County brought its Rule 60(b) motion for relief from judgment. Thus, the lodestar adequately and reasonably reflects the hours counsel spent in opposing Madison County's Rule 60(b) motion and interlocutory appeal of the Magistrate Judge's memorandum opinion and order. No punitive compensation is justified in the instant case.

## C. *Expenses*

This court finds that Tara Walker is entitled to travel expenses of $92.51 for trips to and from Canton, Mississippi, and to travel and per diem expenses of $159.69 incurred during the presentation of oral argument to the United States Court of Appeals for the Fifth Circuit in New Orleans, Louisiana. However, Walker's claims for witness fees, fees of the court reporter for stenographic transcripts, and the cost of serving subpoenas are matters properly dealt with pursuant to Title 28 U.S.C. §§ 1920,[18] 1921 (setting forth what services of the United States marshals may be taxed as costs) and 1821 (pertaining to witness fees). Inasmuch as no final judgment was entered in this case with regard to the defendants' motion for relief from judgment under Rule 60(b), and costs were not taxed, this court hereby taxes costs to the defendants and directs the plaintiffs to submit a cost bill to the Clerk of the Court in accordance with the aforementioned statutes. This directive includes the claim of Ron

---

**18.** Title 28 U.S.C. § 1920 provides that, "[a] judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

Welch for $111.80 in expenses incurred for exemplification and copies.

### III. *CONCLUSION*

**IT IS, THEREFORE, ORDERED** that the plaintiffs shall be awarded attorney fees as follows:

**Ron Welch**—76 hours × $150.00, or $11,-400.00.

**Tara Walker**—130.6 hours × $100.00, or $13,060.00; and expenses in the amount of $252.20.

**Terry Wallace**—107.25 hours × $125.00, or $13,406.25.

A separate judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure shall be entered by this court on all matters pertaining to the defendants' Rule 60(b) motion for relief from judgment; the defendants' interlocutory appeal of the Magistrate Judge's memorandum opinion and order dated September 28, 1993; the assessment of costs against the defendants; and the award of attorney fees to the plaintiffs.

**SO ORDERED AND ADJUDGED.**