UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50135
Summary Calendar
_____

JUAN GRAJEDA; ESTELLA GRAJEDA, as Next Friends of
Marisabel Grajeda, a minor,

                                      Plaintiffs-Appellees,

                    versus

THE YSLETA INDEPENDENT SCHOOL DISTRICT, et al.,

                                      Defendants

THE YSLETA INDEPENDENT SCHOOL DISTRICT,

                                      Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
(EP-94-CV-164)
_____

September 9, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

Appellees Juan F. Grajeda and Estella Grajeda brought this

civil rights action on behalf of their daughter, Marisabel Grajeda,

against the Ysleta Independent School District and one of its

_____

        [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

teachers.[1]  The case was settled for $210,000, but no agreement was reached on the award of reasonable attorneys' fees under 42 U.S.C. § 1988.  On January 19, 1996, the district court (Briones, J.) awarded $94,860 to plaintiffs' counsel.  The school district appeals the amount of this fee award.[2]

In this circuit, a district court calculating reasonable attorneys' fees must follow a two-step procedure.  First, the court must determine the number of hours reasonably expended on the litigation and a reasonable hourly rate for the prevailing party's lawyers.  Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 323-24 (5th Cir. 1995), cert. denied, ---U.S.---, 116 S.Ct. 173, 133 L.Ed.2d 113; see also Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).  The hourly rate and the number of hours are multiplied to determine the lodestar, a presumptively reasonable fee award.  See Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) (citing City of Burlington v. Dague, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641, 120 L.Ed.2d 449 (1992)).  The district court must then consider whether to adjust the lodestar, upward or downward, in light of the twelve factors identified by this court in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).  As this court has explained,

---

[1]    The action was brought under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et. seq., and 42 U.S.C. § 1983.

[2]    The court also awarded $16,550 to Marisabel Grajeda's attorney ad litem.  That award is not at issue in this appeal.

the district court must consider the _Johnson_ factors, but the decision to adjust the award in light of those factors is discretionary. _Louisiana Power & Light Co._, 50 F.3d at 330. In any event, it is "important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award." _Hensley_, 461 U.S. at 437, 103 S.Ct. at 1941, 76 L.Ed.2d 40.

In this appeal, the school district claims that the district court failed to employ the lodestar method, and further, that the court failed to consider the _Johnson_ factors. We review the district court's award of attorneys' fees for abuse of discretion and its underlying factual determinations for clear error. _Von Clark v. Butler_, 916 F.2d 255, 258 (5th Cir. 1990) (citation omitted).

We find no clear error in district court's determination of hours reasonably expended by plaintiff's counsel in this case. The district court stated that its review of the entire record led it to conclude that plaintiffs' counsel had billed for unnecessary or duplicative legal work. Consequently, the district court reduced the number of hours claimed by counsel. Failing to order an even greater reduction in the hours billed was not clear error.

However, we conclude that the district court failed to properly complete its calculations according to the lodestar method. The record does not indicate that the district court determined a reasonable hourly rate for plaintiffs' lawyers, nor that it multiplied an hourly rate by the number of hours reasonably

3

expended.  Moreover, the record is devoid of any indication that the district court considered whether to adjust the fee award in light of the Johnson factors.

Accordingly, we vacate the award of attorneys' fees and remand for reconsideration of reasonable attorneys' fees in accordance with the lodestar method and the Johnson factors.