**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-40523
_____

CAMEO BISHOP, Individually and by next friend through Roger and Ruth Vestal; KELLI BOLLINGER, Individually and by next friend through Forest and Jannette Bollinger; ANGELA JEAN CULP, Individually and by next of friend through Albert Ray and Teddy D Culp; CANDICE CUNNINGHAM, Individually and by next of friend through Charles V and Debra Cunningham; BRYAN DOWDEN, Individually and by next of friend through Chris and Dawn Dowden; JOSH HADDEN, Individually and by next of friend through Michael and Michelle Hadden; DAVID JACKSON, II, Individually and by next of friend through David Sr. and Debbie Jackson; JENNIFER JACKSON, Individually and by next of friend through David Sr and Debbie Jackson; ADAM P JOHNSON, Individually and by next of friend through Erik J Johnson; BEVERLY LUNDBLAD, Individually and by next of friend through Gary Lundblad; TONY MCCLUNG, Individually and by next of friend through Thomas McClung; BARBARA CASS, Individually and by next of friend through Marvin A and Melanie Null; KRISTOPHER L RICHARDSON, Individually and by next of friend through Robert I and Judith C Richardson; RUBY SALAZAR, Individually and by next of friend through Daniel and Rose Salazar and Margarito and Alicia Garza; MICHAEL SILVA, Individually and by next of friend through Gerardo and Fidela Silva; JENNIFER SILVA, Individually and by next of friend through Gerardo and Fidela Silva; KIRBY D BLACK, JR, Individually and by next of friend through Robert B and Renee Viera,

                    Plaintiffs - Appellants,

versus

CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT,

Defendant - Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas
(C-93-CV-260)

---

April 28, 1998

Before GARWOOD, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

After reading the submissions of the parties, hearing oral argument, and reviewing pertinent portions of the record, we conclude that the district court's finding that the time records were so ambiguous as to be unreliable is not clearly erroneous. *See Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990). "Absent a reliable record of the time expended on the prevailing claim, it is within the discretion of the district court to determine a reasonable number of hours that should have been expended in pursuing the claim on which the party prevailed." *Id.* at 259. Moreover, "[w]e cannot overemphasize the concept that a district court has broad discretion in determining the amount of a fee award." *Associated Builders & Contractors v. Orleans Parish*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

*Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). Accordingly, we hold that the district court did not abuse its discretion in determining the number of hours that was reasonable and the appropriate hourly rate.

The parties also dispute whether the plaintiffs are entitled to costs incurred in the litigation. The magistrate judge recommended that plaintiffs be awarded $20,959.03 in costs, and the Corpus Christi I.S.D. did not object to this recommendation. In the district court, the plaintiffs then sought a total sum of $24,739.03 in costs. The district court, however, failed to apply the clearly-erroneous standard to the magistrate judge's finding on costs, as it was required to do in the absence of an objection. *See* FED. R. CIV. P. 72. Instead, the district court stated that "costs are awarded, subject to a proper bill of costs being filed." As such, we vacate and remand to the district court for a determination of costs in favor of the plaintiffs.

The judgment of the district court awarding attorneys' fees is hereby AFFIRMED. The district court's award of costs is VACATED and REMANDED for further limited proceedings consistent with this opinion.