**Stuart E. GLASS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. CIV.A. 3:00CV1543–L.

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 5, 2004.

Robert Bryan Perry, Law Office of Robert B. Perry, Dallas, TX, for Plaintiff.

Jon E. Fisher, Jonathan L. Blacker, Dallas, TX, for Defendant.

## ORDER

LINDSAY, District Judge.

Before the court is Plaintiff's Amended Application for Attorney Fees and Costs, filed October 15, 2003. After careful consideration of the motion, response, reply, appendices, record and applicable law, the court **grants in part** and **denies in part** Plaintiff's Amended Application for Attorney Fees and Costs.

### I. Background

This action began on July 18, 2000, when Stuart E. Glass ("Plaintiff" or "Glass") filed suit against the United States of America ("Defendant" or "the Government") pursuant to 26 U.S.C. § 7433, and for refunds of internal revenue taxes that he overpaid. The Government filed a counterclaim pursuant to 26 U.S.C. § 6672. Both parties filed motions for partial summary judgment. The court granted summary judgment in favor of the Government on Plaintiff's section 7433 claim and determined that a genuine issue of material fact existed regarding the section 6672 claim, and the matter proceeded to trial. At trial, the jury found in favor of Plaintiff on the section 6672 claim. The court issued its judgment, and part of the judgment stated that Plaintiff was entitled to his reasonable and allowable costs to the ex-

tent permitted under Fed.R.Civ.P. 54(d) and 26 U.S.C. § 7430.

Glass filed Plaintiff's Rule 54(d) and Section 7430 Motion for Litigation and Administration Costs on October 29, 2002. On October 3, 2003, the court denied the motion without prejudice. In its order, the court stated:

> the court found several deficiencies with Plaintiff's motion: (1) the hourly rate sought by Plaintiff for attorney's fees exceeds the $125 per hour rate allowed under 26 U.S.C. § 7430(c)(1); (2) failure to segregate attorney's fees for various claims as required by *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); and (3) failure to provide proper documentation, itemizing the hours billed for services rendered and any costs.

Court's Order at 1. The order also stated, "If Plaintiff submits an application that does not comply with the court's order, the court will either deny Plaintiff's request for attorney's fees and costs or award only these fees that can be reasonably determined from the information provided." *Id.* at 2.

In response to the court's order, Plaintiff filed his amended application for attorney's fees and costs. He seeks $3,535.98 for administrative costs and $44,576.25 as attorney's fees and costs. In his Original Application, Plaintiff sought $3,535.98 as administrative costs and $70,282.50 as attorney's fees and costs. Defendant contends that Glass is not entitled to an award of attorney's fees and administrative costs because (1) he failed to segregate attorney's fees as ordered by the court, (2) Glass's counsel failed to submit adequate time records or documentation in support of his fee request, (3) Plaintiff unnecessarily prolonged this litigation by not adhering to various court orders, and (4) the position taken by the United States against

Glass regarding the unpaid taxes was substantially justified.

## II. *Discussion*

### A. Applicable Standard

 As the fee applicant, Glass has the burden of presenting evidence that is adequate for the court to determine what hours should be included in the award of attorney's fees and costs. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir.1990). "Part of the applicant's ability to meet his burden includes maintaining billing time records in a manner that would enable the reviewing court to identify each distinct claim." *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The court may "exclude all time that is ... inadequately documented." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993). Absent sufficient documentation, the court may reduce the number of hours awarded or deny the fee application in its entirety. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 327–28 (5th Cir.1995). When litigants submit fee requests which are vague or have inadequate documentation, they "take their chances" that the fee requests or applications will be reduced or denied in their entirety. *Id.* at 327. The court now discusses Plaintiff's requests for attorney's fees and costs.

### B. Lack of Documentation

Plaintiff submitted no additional documentation with respect to his amended application. He did not submit the fee agreement between him and his counsel, billing statements, or contemporaneous time records. He submitted the identical documents that he submitted in conjunction with his original application. The only change in the documentation submitted in the amended application relates to the affidavit of Plaintiff's counsel, Mr. Robert B.

Perry. For the years 1999, 2000, and 2001, Mr. Perry reduced his hours by 50% and his hourly fee from $150 to $125;[1] and for the year 2002, he did not reduce the number of hours but did reduce his hourly rate to $125. Although Plaintiff purports to segregate the hours spent on the section 7433 claim and section 6672 claim by stating that an equal amount of time was spent on both, he provides absolutely no documentation for the court to determine whether his attempt at segregation of hours is reasonable. Without documentation, it is extremely difficult for the court to determine the amount of time reasonably expended on the respective claims and what therefore constitutes a reasonable fee award under section 7430.

### C. Plaintiff's Counsel Billing Documentation

 The affidavit of Plaintiff's counsel that provides the time he contends he spent on the case is in block-billing format. The court finds this problematic. The court could not find a Fifth Circuit case precisely on point which discusses block billing. "Block billing" is a "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1534 n. 15 (10th Cir. 1996); *see also Hollowell v. Orleans Regional Hosp.*, 217 F.3d 379, 392 (5th Cir. 2000). Plaintiff's counsel's method of billing in this case is much more problematic, however, as the "block billing" in *Harolds* and the "lumping" of time entries in *Hollowell* refer to *daily* activities, while in this case, Plaintiff submitted block billing for *monthly* activities. Plaintiff simply lists a number of tasks or services performed by his counsel for a specific month and states that this group of tasks took a certain amount of time to perform. There is no breakdown of each task assigned and the amount of time it took to perform the specific task. While the preferred method for a party seeking attorney's fees is to produce contemporaneous billing statements or time records, failure to provide such statements "does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours." *Hollowell*, 217 F.3d at 392–93 n. 18 (quoting *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir.1995)). "Block billing" activities on a *monthly* basis makes it extremely difficult for the court to conduct the review intended to determine the reasonableness of the fee request, and the court will certainly take this into account in reaching its decision.

### D. Exclusion of Duplication or Unnecessary Hours

 The information provided by Plaintiff does not reflect whether he excluded time unnecessarily expended by his counsel. The record reflects that, on more than one occasion, Plaintiff did not submit pretrial materials in compliance with the court's scheduling order, and it had to be redone or resubmitted. Likewise, by way of example, Plaintiff's original application for costs and attorney's fees was not properly submitted. Had the work been performed correctly the first time, there would have been no need to do it again. A party cannot be allowed to recover twice for duplicate or unnecessary work performed by his counsel.

### E. Failure to File a Dispositive Motion

Particularly frustrating to the court was Plaintiff's failure to file a dispositive mo-

---

**1.** The $125 per hour fee is the statutory rate which is to be adjusted upward for each cal-endar year after 1996. *See* 26 U.S.C. § 7430(c)(1).

tion regarding the statute of limitations issue. The court mentioned this more than once to the parties during the course of one of the pretrial conferences and during the trial. Moreover, once the court fully understood the nature of Plaintiff's statute of limitations argument and reviewed the statute in detail, it realized that he would have been entitled to summary judgment on this affirmative defense had he filed a motion. At the conclusion of the trial, the court stated that had the jury ruled against Plaintiff, it would have granted Plaintiff's motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50. Had Glass filed a dispositive motion based on the statute of limitations, a trial would not have been necessary. For all of these reasons, the question of whether Plaintiff unreasonably protracted the court proceedings becomes relevant, as a prevailing party who engages in such conduct, is not entitled to an award of attorney's fees and costs. *See* 26 U.S.C. § 7430(b)(3). The court must also determine whether the Government's position against Glass regarding the unpaid taxes was substantially justified, as one cannot be a prevailing party and recover costs if the Government's position is substantially justified. *See* 26 U.S.C. § 7430(c)(4)(B)(i).

## F. Substantial Justification

### 1. Applicable Law

█ Whether the Government's conduct was substantially justified turns on the merits of Glass's statute of limitations defense, which he has affirmatively pleaded. Glass contends that the Government failed to (1) provide him with notice of its intent to impose a penalty assessment as required by section 6672(b)(1), and (2) make a final assessment of the penalty within the statute of limitations that applies to final assessments when a taxpayer files a protest. The Government, of course, dis-

agrees that Glass should prevail on this affirmative defense.

Section 6672 was amended in 1996 by adding section 6672(b). Section 6672(b) was added by the Taxpayer Bill of Rights 2, Pub.L. No. 104–168, § 901(a), 110 Stat. 1452, 1465 (1996), and applies to penalty assessments made after June 30, 1996. This section deals with mandatory "preliminary notice requirements" when the Government seeks to impose or assess a penalty against a taxpayer for failing to pay taxes assessed and owed. The Government must give the taxpayer notice that it intends to assess a penalty. Notice of the underlying tax assessment is insufficient to meet this requirement. Notice that the taxpayer will be subject to a penalty assessment must be given in writing, by mail or delivered in person.

The notice of the Government's intent to assess a penalty ("proposed assessment") must be given 60 days before it can make a final assessment of the penalty and a demand for the amount of the penalty assessed. When a taxpayer protests a proposed assessment of a penalty, section 6672(b)(3) provides that the statute of limitations for the Government to make a final assessment of the penalty is 30 days after the Secretary makes a "final administrative determination" with respect to the protest. Additionally, because the Government must give the taxpayer 60 days' notice of its intent to impose or assess a penalty, it cannot make a final assessment of the penalty before expiration of the 60 days.

### 2. Analysis

Regarding Glass's contention that the Government failed to give him the 60 days' notice required under section 6672(b), the testimony, exhibits admitted into evidence, and other relevant information do not establish that it gave Glass written notice of

its intent to assess a penalty for failure to pay payroll taxes owed. The only evidence in the record regarding the 100% penalty is that relating to the final penalty assessment made on April 4, 1999. *See* Form 947 and Documents Related to the Administrative Appeal of this Matter.

With respect to Glass's contention that the Government failed to make a final assessment of the penalty within the statute of limitations, since Glass protested the penalty, an appeal of the matter was taken, and a final determination was made on June 3, 1998. *See* Testimony of Ms. Cindy Ocmand and Plaintiff's Exhibit 25. Under section 6672(b)(3)(B), the Government had 30 days after the final determination of the appeal to make a final penalty assessment. Accordingly, the Government had 30 days from June 3, 1998 (that is, until July 3, 1998) to make a final penalty assessment. Government's Exhibit 4, a document assessing the penalty against Glass, establishes that the Government did not make a final penalty assessment under April 4, 1999, ten months after a final determination had been made in Glass's appeal. The assessment therefore was not made within the statutory deadline for making an assessment, and the Government should have never proceeded against Glass on its counterclaim. Since it should not have proceeded to litigate its counterclaim against Glass, the court determines that its action was not substantially justified.[2]

### G. Amount of Administrative Costs and Fee Award

#### 1. Justification for Costs and Fee Award

■ Given the failure of Plaintiff and his counsel to follow the instructions of the court, the lack of sufficient documentation, failure to file a dispositive motion, and the inclusion of duplicative and unnecessary hours, the most tempting and easy thing for the court to do is to deny entirely the costs and fee requests. Although it is extremely tempting to do so, the court determines that the better legal approach is to reduce substantially the amount of fees sought. The court takes this approach because, despite the deficiencies by Plaintiff and his counsel, it recognizes that Plaintiff's counsel necessarily expended a number of hours in defending against the Government's counterclaim. Moreover, since the Government's position was not substantially justified, outright denial of the costs and fee requests would not be legally justified.

#### 2. Administrative Costs

Plaintiff seeks $3,535.98 as administrative costs and provides the affidavit of Mr. Glass to show that counsel incurred this amount in representing him at the administrative level. This amount is based on 23.5 hours at $150 per hour, and $10.98 incurred for expenses. The Government objects to the $150 hourly rate because the hourly rate was not in effect until 2002, and because Plaintiff did not provide it with supporting documentation, namely, time records or invoices for services rendered. Given the passage of time, the court will allow the rate of $150 per hour because the higher rate will compensate for the delay in payment between the time the work was performed and the actual award of attorney's fees. *See Missouri v. Jenkins*, 491 U.S. 274, 283–84, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); *Walker v. U.S. Dep't of Housing and Urban Dev.*, 99 F.3d 761, 773 (5th Cir.1996). Plaintiff did not submit any time records or invoices for

---

**2.** Likewise, the court does not believe in light of the Government's position regarding the unpaid taxes that it would be fair to conclude that Plaintiff unreasonably protracted the court proceedings. All in all, it would be unfair to so rule when the counterclaim should have never been filed by the Government.

the court to review, but he did provide an affidavit. The hours submitted by Plaintiff certainly do not appear to be excessive for the administrative proceeding and related work; however, no time sheets were presented, and to ensure that Plaintiff does not recover more than that to which he is entitled, the court **reduces** the hours claimed by 15%, that is, from 23.5 to 20 hours. The amount to which Plaintiff is entitled for costs regarding the administrative proceeding is **$3,010.98** ($3,000 in attorney's fees, plus $10.98 in expenses).

### 3. Attorney's Fees

The documentation, or more accurately the lack thereof, submitted by Plaintiff unnecessarily complicates the determination of what constitutes reasonable attorney's fees for litigation. Even though ordered by the court, Plaintiff submitted no additional documentation with respect to his amended application. He did not submit the fee agreement between him and his counsel, billing statements, or contemporaneous time records. Plaintiff submitted the identical documents that he submitted in conjunction with his original application. The only change in the documentation relates to the affidavit of his counsel. For the years 1999, 2000, and 2001, counsel reduced his hours by 50% (from 224 hours to 112 hours) and his hourly fee from $150 to $125; and for the year 2002, he did not reduce the number of hours (244.25) but did reduce his hourly rate to $125. For the years 1999–2002, Plaintiff seeks compensation for 356.25 hours at an hourly rate of $125 for a total of $44,531.25, and $45 as expenses. Although Plaintiff purports to segregate the hours spent on the section 7433 claim and section 6672 claim by stating that an equal amount of time was spent on both, he provides absolutely no documentation for the court to determine whether his attempt at segregation of hours is reasonable. The lack of such documentation makes it extremely difficult for the court to determine the amount of time reasonably expended on the respective claims and what therefore constitutes a reasonable fee award under section 7430.

As stated before, Plaintiff did not comply with the court's order of October 3, 2003, and has consistently ignored other orders and instructions of the court, as the record will amply demonstrate. A litigant should not be awarded for his recalcitrant conduct, and the court must decide the appropriate amount by which to reduce the fee request. Plaintiff has achieved some success in this litigation; however, he did not prevail on all issues. In a case where a plaintiff has achieved only limited or partial success, once a court considers the "amount and nature of damages awarded, [it] may lawfully award low fees or no fees . . . ." *Farrar v. Hobby*, 506 U.S. 103, 115, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). The fee award must be the result of a "measured exercise of discretion" on the court's part. *Id.* at 114, 113 S.Ct. 566. As the Supreme Court has stated:

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified.

*Hensley v. Eckerhart*, 461 U.S. at 436–37, 103 S.Ct. 1933.

After carefully considering the record in this case; the results obtained; Plaintiff's failure to provide adequate documentation, segregate his hours, and follow the court's instructions; and the court's experience in setting fees in other cases, the court be-

lieves that a reduction of 50% of the requested amount of fees for the years 1999, 2000, and 2001 constitutes a reasonable attorney's fee award. This reduction is necessary to ensure that Plaintiff is not awarded more than that to which he is entitled. The court is unimpressed by Plaintiff's dividing the hours by half with respect to the time spent on the section 7433 claim and section 6672 claim. Such an approach, at best, is speculation unsupported by competent evidence to verify its accuracy. For the year 2002, the court also believes that a reduction of 50% is appropriate. Although most of the work in 2002 appears to be related to the section 6672 claim, the court determines that such a reduction is necessary because of the duplicative and unnecessary work performed by Plaintiff's counsel, and Plaintiff's failure to present documentation to verify the accuracy of the hours claimed in his counsel's affidavit.

For purposes of calculating the fee, the court again uses the $150 per hour rate. The court uses this rate to compensate for the delay in payment. As the court uses the higher rate to adjust for the delay in payment, it declines to award any prejudgment interest. *See Walker*, 99 F.3d at 773. Based upon the court's conclusions herein and the amount requested by Plaintiff for the years 1999, 2000, and 2001, the court **awards** Plaintiff **$8,400** (112 hours × .50 at $150 per hour) as reasonable attorney's fees for these years. For the year 2002, the court **awards** Plaintiff **$18,318.75** (244.25 hours × .50 at $150 per hour) as reasonable attorney's fees. Expenses of $45 are awarded as requested. The total amount of attorney's fees and costs for the years 1999–2002 is **$26,763.75**.

The court is convinced that Plaintiff would have recovered more had he submitted adequate documentation and followed the court's instructions. He has no one to blame but himself for having received a reduced fee, as litigants take their chances of getting a low fee or no fee when they submit inadequate documentation. *See Kellstrom*, 50 F.3d at 327.

### III. *Conclusion*

For the reasons stated, the court **grants in part** and **denies in part** Plaintiff's Amended Application for Attorney's Fees and Costs. Accordingly, the court **awards** Plaintiff **$3,010.98** as administrative costs, and **awards** him **$26,763.75** as attorney's fees and costs for the years 1999–2002. The total amount awarded Plaintiff for administrative costs and litigation costs is **$29,774.73**. The Government shall pay this amount to Plaintiff within **thirty days** of the entry of this order. If the amount is not paid as ordered by the court, it shall accrue postjudgment interest at the applicable federal rate from that date until it is paid in full. As this is an order awarding attorney's fees and costs, the court need not enter judgment by separate document. *See* Fed.R.Civ.P. 58(a)(1)(C). This order serves as the judgment.