United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-10600

BARBARA SANDERS,

Plaintiff-Appellant,

VERSUS

JO ANNE B. BARNHART,
Commissioner of Social
Security,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas, Fort Worth Division

( 4:03-CV-132-A )

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Barbara Sanders filed an appeal in district court, contesting the decision of the Commissioner of the Social Security Administration (the "Commissioner") to deny her application for disability insurance benefits. The magistrate judge recommended both that the Commissioner's decision be reversed and that the case be remanded for a redetermination of Sanders's onset date. The

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court adopted the findings and conclusions of the magistrate judge and entered judgment in favor of Sanders.

Sanders thereafter moved for attorney's fees under the Equal Access to Justice Act (the "EAJA") for reimbursement of fees and costs in the amount of $12,589.10. The Commissioner objected to the amount of the fees, arguing that it was excessive. The district court granted Sanders's application in part, finding that the attorney's fees sought by Sanders were excessive to the extent that the request for fees represented work — a review of the record by Sanders's briefing attorney — with which Sanders's trial counsel was already familiar. Accordingly, the district court reduced the number of billable hours by twenty and awarded Sanders's attorney's fees in the amount of $9,816.50 plus $150 in court costs. Sanders timely filed the instant appeal, challenging the reduction.

## DISCUSSION

We review an award of attorney's fees under the EAJA for an abuse of discretion. United States v. Truesdale, 211 F.3d 898, 905 (5th Cir. 2000) (citing Pierce v. Underwood, 487 U.S. 552, 553 (1988)). Legal determinations underlying the district court's decision are reviewed de novo. Id. at 906 (citation omitted). The district court's conclusions of fact are reviewed for clear error. Aquilar-Ayala v. Ruiz, 973 F.2d 411, 416 (5th Cir. 1992). "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." Tex. Food Indus. Ass'n v.

2

_USDA_, 81 F.3d 578, 580 (5th Cir. 1996)(citation omitted).  As the fee applicant, Sanders has the burden of demonstrating the reasonableness of the number of hours expended on the prevailing claim.  _Von Clark v. Butler_, 916 F.2d 255, 259 (5th Cir. 1990) (noting that the burden "does not shift to the opposing party merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed").

Sanders's primary argument on appeal is that the district court erred in refusing to compensate her for all the time spent by the briefing attorney reviewing the record in preparation for appealing her case to the district court.  In support of her contention, Sanders maintains there was no overlap in the work performed by her trial counsel and the work her briefing attorney undertook in preparing her appeal.  In response, the Commissioner argues that Sanders's trial counsel cannot bill the government for fees he could not properly bill Sanders, his client.  According to the Commissioner, Sanders's trial counsel was already familiar with the case as he had handled both the administrative hearing and appeal request to the Appeals Council.  The Commissioner adds that the 86.15 of hours requested by Sanders's briefing attorney is excessive for an essentially routine Social Security case that did not "involve difficult or novel issues, or recent changes in the law."  The Commissioner maintains the district court's award more than adequately compensated Sanders and her attorneys.

The district court specifically determined that:

> [T]he attorneys' fees sought by plaintiff are excessive to the extent that they seek reimbursement for review of the record by the attorney who wrote plaintiff's briefs. Although it may have been more efficient for plaintiff's counsel to use the services of another attorney for the briefing, that attorney spent at least twenty hours reviewing the records that plaintiff's counsel would already have been familiar with.

Despite this finding, the district court nevertheless recognized the propriety of the remainder of Sanders's application for fees, concluding that "[t]he court is not persuaded that the fees requested should be reduced otherwise."

An award of attorney's fees under the EAJA must be reasonable. See 28 U.S.C. § 2412(b). In determining the reasonableness of such fees, this Court has adopted the 12-factor "lodestar" test enunciated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).[2] The district court did not engage in an analysis using the Johnson framework. Sanders argues that because of this failure on the part of the district court, this Court must remand the case to compel the district court to provide further explanation. We disagree. This Court has previously held that it

_____

[2] The twelve factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

4

is not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards. See Cobb v. Miller, 818 F.2d 1227, 1232 (5th Cir. 1987).

The Commissioner admitted in its objection to Sanders's application for attorney's fees that it did not oppose an award of costs and fees in this case. Rather, the Commissioner's principal contention focused on what it deemed to be an excessive amount of hours claimed by Sanders's briefing attorney. Importantly, the district court limited its ruling solely on that distinct issue. It is well within the district court's discretion to conclude that a second attorney brought onto a case may not recover fees for work previously performed by the first attorney. Sanders has failed to carry her burden of establishing that the district court's finding that Sanders's briefing attorney expended at least 20 hours of duplicative record review was not clearly erroneous. In the absence of such evidence, we conclude the district court did not abuse its discretion when it reduced Sanders's fees and costs recoverable under the EAJA.

## CONCLUSION

Having carefully reviewed the entire record of this case, and having fully considered the parties' respective briefing, we find no reversible error in the district court's decision to reduce the award of attorney's fees recoverable by Sanders. We therefore

5

AFFIRM the final judgment of the district court for the reasons stated in its order.

**AFFIRMED.**